OPINION OF THE COURT
Harold Baer, Jr., J.
The plaintiff moves for an order declaring plaintiff the owner of three motor vehicles seized by the New York City Police Department (Department) in connection with a criminal investigation and subsequent prosecution, coupled with a direction that the defendants return the vehicles to plaintiff.
Plaintiff alleges that it purchased three motor vehicles between July and October, 1978 from other New York State registered automobile dealers, and that it sold these vehicles to three different bona fide customers in the ordinary course of its business. Early in 1983, the plaintiff received notice from these customers that their motor vehicles had been seized by the police. Plaintiff reimbursed these customers for the loss of their vehicles in exchange for a reversion of whatever title they held.
In October, 1983, the plaintiff learned that the charges involving the three motor vehicles had been dismissed. *514 Releases stating the District Attorney had no objection to return of the cars to one proving the right to possession were obtained. Plaintiff then requested that the Department return the vehicles. The Department denied the request. The defendants allege, and there is no dispute, that the vehicle identification number (YIN) on each vehicle had been altered and that plaintiff was not the owner of the vehicles prior to the mutilation or alteration. The defendants refuse to release the vehicles claiming authority to possess and dispose of them pursuant to subdivision 1 of section 423-a of the New York Vehicle and Traffic Law, and have filed a cross motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7).
Subdivision 1 of section 423-a authorizes the local police or other appropriate agency to seize any motor vehicle if the VIN has been altered, destroyed or defaced. Paragraph (b) of this section authorizes the local police or other appropriate agency to retain custody of any motor vehicle that has been seized pursuant to paragraph (a): “[U]ntil the ownership * * * shall have been ascertained.” If ownership cannot be ascertained, the local police have authority pursuant to this section to treat such motor vehicle as abandoned.
Defendants urge that “ownership” be interpreted to mean the “original or last owners of the vehicle in question, before the VIN numbers were altered”. They argue that since the “original” owners cannot be ascertained the Department is entitled to treat the vehicles as abandoned. The plaintiff, on the other hand, claims ownership based on being a bona fide purchaser from registered dealers.
The defendants’ narrow interpretation of the term “ownership” finds scant support in the Vehicle and Traffic Law; conversely, plaintiff’s construction of that term is overly broad. Subdivision (g) of section 2101 of the Vehicle and Traffic Law (Uniform Vehicle Certificate of Title and Anti-Theft Act) defines an owner as “a person other than a lienholder, having the property in or title to a vehicle.” Under the Uniform Commercial Code, plaintiff, as purchaser of the vehicles, acquired all title to the vehicles which its transferor had or had power to transfer. (Uniform Commercial Code, § 2-403, subd [1].) That section also *515 provides: “A person with voidable title has power to transfer a good title to a good faith purchaser for value.”
The plaintiff claims to have purchased the vehicles in good faith for value from registered automobile dealers. However, there is no proof presented that the dealers plaintiff bought from could convey good title to plaintiff. If the cars had been stolen, even if the transferors were good-faith purchasers for value, they would have no title whatsoever to the stolen goods and, with one exception not alleged here, could not transfer any title to plaintiff. (See Johnny Dell, Inc. v New York State Police, 84 Misc 2d 360.)
Another unresolved question has to do with whether plaintiff purchased the vehicles in good faith. (See Atlas Auto Rental Corp. v Weisberg, 54 Misc 2d 168.)
In an action for declaratory judgment, such as here, courts will not exercise their discretion and declare the rights of the parties unless all of the material facts and circumstances are fully developed. (See Armstrong v County of Onondaga, 31 AD2d 735.)
Accordingly, the motion to declare the plaintiff owner and to direct the Department to turn over the vehicles and the cross motion are denied; defendants shall answer the verified complaint within 20 days of service of a copy of this order with notice of entry.