David Carlone, Respondent, v Patricia B. Adduci, as Commissioner of the New York State Department of Motor Vehicles, Appellant.

Third Department, June 11, 1992

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Lenore B. Browne* and *Peter G. Crary* of counsel), for appellant.

*Thomas J. McGinn* for respondent.

**OPINION OF THE COURT**

MIKOLL, J. P.

The primary question presented on this appeal is whether Supreme Court properly determined that plaintiff was the rightful owner entitled to possession of an automobile with an altered vehicle identification number (hereinafter VIN) held by the New York Department of Motor Vehicles (hereinafter the Department) as an unidentifiable vehicle pursuant to the provisions of Vehicle and Traffic Law § 423-a.

Plaintiff, a citizen of Quebec, Canada, purchased a used De Tomaso 874 Pantera automobile (hereinafter the Pantera) bearing the VIN THPNLK01142 from MRM Industries Inc. (hereinafter MRM) in Connecticut. The bill of sale from MRM indicated that the 1971 Pantera, VIN 01142, was purchased "as is" for $6,850. The bill of sale was signed by plaintiff and the seller, M. A. Jabbar Malik, President and Chief Executive Officer of MRM.

Plaintiff also received a certificate of title issued by the Connecticut Department of Motor Vehicles indicating that a 1974 Pantera, VIN DT01142, registered in the name of Greater New York Auto Leasing and Rental in Commack, New York, was assigned to MRM on October 28, 1987. This title disclosed that Greater New York Auto Leasing and Rental had purchased the Pantera from Motor Sports Inc. in Port Jefferson, New York. MRM issued no assignment of title nor did it complete the "CERTIFICATION BY CONNECTICUT LI-CENSED DEALER" portion to certify that title was transferred to plaintiff. A letter from MRM dated August 16, 1988 stated that MRM sold a 1971 Pantera to plaintiff and "authorize[d]"

him "to obtain appropriate registrations as required in Quebec".

The Pantera was inoperable and plaintiff attempted to transport it across the New York-Canadian border on a flatbed truck on August 17, 1988. Canadian Customs officials refused to permit the Pantera to enter Canada because the vehicle was less than 15 years old according to the Connecticut certificate of title indicating that it was a 1974 vehicle. When plaintiff attempted to reenter New York, United States Customs officials became suspicious of the quick reentry and impounded the vehicle, performed a field test and informed plaintiff that the VIN was a "forgery".

The Pantera was thereafter turned over to the Department's auto theft unit which confiscated it pursuant to Vehicle and Traffic Law § 423-a (1). After investigation, the Department sent plaintiff a letter dated December 22, 1988 advising him that (1) the VIN "had been deliberately altered by grinding off the original numbers and restamping new and different numbers over the ground off identification numbers", (2) it was unable to restore the original numbers and thus was unable to identify the true VIN or owner of the automobile, and (3) pursuant to Vehicle and Traffic Law § 423-a, if the true owner of the vehicle could not be determined, then title vested with the State for disposal of the automobile in accordance with applicable State law. There was no indication that the Pantera was listed as stolen with any police agency, including Interpol.

Unable to obtain return of the Pantera from the Department, plaintiff commenced the instant action against defendant seeking, *inter alia,* an order declaring his ownership of the Pantera and directing its return. Defendant answered and plaintiff then moved for summary judgment asserting in his papers that he is the "rightful owner" of the Pantera. Defendant, in opposing the motion, conceded that there was no material dispute as to the facts as stated in plaintiff's affidavit but argued that the true ownership had not been determined, nor had it been established that the Pantera had not been stolen and the VIN changed before 1974.

Supreme Court found that plaintiff established his ownership of the automobile and that defendant had "failed to come forward with any proof to show that the car was stolen or belongs to anyone other than the plaintiff". Supreme Court noted that defendant's "narrow interpretation of the word

'ownership', as contained within [Vehicle and Traffic Law § 423-a (1) (b)], as meaning the original or last owner of the vehicle in question, prior to the alleged alteration of the [VIN] * * * is unsupported by case law and finds little support in the Vehicle and Traffic Law". This appeal by defendant ensued.

■ This appeal appears to present an issue of first impression for this court. Supreme Court relied on *Time Motor Sales v Property Clerk of Police Dept., City of N. Y.* (123 Misc 2d 513, 514), which also found the interpretation of the term ownership to mean the " 'original or last owners of the vehicle in question, before the VIN [was] altered' ", to be a "narrow interpretation of [that] term * * * find[ing] scant support in the Vehicle and Traffic Law". However, Supreme Court's interpretation ignores the purpose of the Legislature in enacting Vehicle and Traffic Law § 423-a as revealed by the statutory scheme. Vehicle and Traffic Law § 421 declares that it is a felony to sell any motor vehicle with an altered VIN. A memorandum supporting the bill enacting section 423-a (L 1981, ch 976) recites that the sale of stolen parts and vehicles was a "problem of great magnitude" and that subjecting stolen parts and vehicles to the seizure provisions of the law "should have significant impact in the reduction of this type of activity" (mem of Assembly Member Seminerio, 1981 NY Legis Ann, at 506). The purpose of the statute is to eliminate the trafficking of stolen vehicles. The seizure and confiscation of unidentifiable vehicles and parts reduces both the incentive for and marketing of such vehicles and parts. The interpretation adopted by the Department is consistent with the purposes of the statutory scheme enacted as part of the anti-theft program *(see,* 15 NYCRR 71.1; *see also,* Vehicle and Traffic Law §§ 421, 423-a [1] [b]) and we find no compelling reason to reject it.

Plaintiff has failed to establish that he was the owner of the Pantera in question prior to the alteration of the VIN or that he purchased the Pantera from one who owned the vehicle before such alteration. Defendant was entitled to hold the seized unidentified Pantera pursuant to Vehicle and Traffic Law § 423-a and the regulations enacted pursuant to that section *(see,* 15 NYCRR 71.1, 71.2, 71.4 [a], [c]).

Plaintiff did not offer sufficient evidence to rebut, as a matter of law, the statutory presumption that the Pantera bearing the unidentifiable altered VIN was a stolen vehicle and summary judgment in his favor was not warranted. The

evidence of ownership submitted by plaintiff established that plaintiff purchased a vehicle with an altered VIN and a faulty Connecticut certificate of registration. The additional documentation that plaintiff provided to demonstrate to the Department that he was the rightful owner of the vehicle did not establish that the VIN listed on the documents was the original VIN placed on the Pantera by the Italian manufacturer or that the VIN was not altered prior to February 1974. The documents submitted by plaintiff only identify the 1971 Pantera with the changed VIN. Thus, a question of fact exists as to whether the VIN of the Pantera was altered, requiring denial of plaintiff's motion for summary judgment.*

■ Plaintiff's claim that Vehicle and Traffic Law § 423-a is unconstitutional in that it violates the Due Process Clause of the 5th and 14th Amendments of the US Constitution is not persuasive. Plaintiff was provided notice and an opportunity to present his case reflected by the seizure itself and communications and correspondence he had with the Department. Nor was the statute itself shown to be unconstitutional. It is clear that the government's interest in preventing the trafficking of stolen vehicles and parts is substantially greater than the individual's interest under the circumstances *(see, Mathews v Eldridge,* 424 US 319, 333-335). Further, plaintiff's substantive due process rights were not violated *(see, Pharmaceutical Mfrs. Assn. v Whalen,* 54 NY2d 486, 493; *see also, United States v Zaicek,* 519 F2d 412, 414-415).

YESAWICH JR., LEVINE, MERCURE and CREW III, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.

---

* Plaintiff neither alleges ownership as a bona fide purchaser under UCC 2-403 (2) in his complaint nor raises this issue in his brief on appeal, thus abandoning the issue *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).