■ ALFONSO CANDELA, Appellant, v PORT MOTORS, INC., Respondent, et al., Defendant. [617 NYS2d 49] —In an action to recover damages for breach of warranty of title in the sale of an automobile, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated January 21, 1993, which granted the motion of the defendant Port Motors, Inc., for summary judgment, and which dismissed the plaintiff's complaint insofar as it is asserted against the defendant Port Motors, Inc., and all cross claims against the defendant Port Motors, Inc.

Ordered that the appeal from so much of the order as dismissed the cross claims against the defendant Port Motors, Inc., is dismissed, as the plaintiff is not aggrieved by that portion of the order (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendant Port Motors, Inc., which was for summary judgment dismissing the complaint insofar as it is asserted against it is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In his complaint, the plaintiff alleged that the defendant Port Motors, Inc. (hereinafter Port) sold him a 1988 Lincoln Town Car for $19,067. The complaint further states that Port knew, or should have known, that it did not have valid title to the Lincoln Town Car, and that this car was later seized by officers of the Nassau County Police Department as a "suspected stolen vehicle".

In support of its motion for summary judgment, Port offered evidence which tended to show that it had no knowledge of the car's having been stolen prior to its purchase of the car from a wholesaler, Joseph Scaffadi. The plaintiff, in opposing Port's motion, produced a "police investigative report" which details the circumstances which led police officers to suspect that the car was in fact stolen. The court granted Port's motion, and the instant appeal ensued. We reverse.

Contrary to Port's contention, the plaintiff would be entitled to recover damages based on Port's violation of his warranty of title if the subject vehicle is proved to have been stolen from its original owner (see, UCC 2-312 [1]; *Masoud v Ban Credit Serv. Agency,* 128 Misc 2d 642; *Spillane v Liberty Mut. Ins. Co.,* 65 Misc 2d 290, *affd* 68 Misc 2d 783; *Itoh v Kimi Sales,* 74 Misc 2d 402; *John St. Auto Wrecking v Motors Ins. Corp.,* 56 Misc 2d 232; *Wilson v Manhasset Ford,* 27 Misc 2d

154; *see also, Stanton Motor Corp. v Rosetti,* 11 AD2d 296; *Pinney v Geraghty,* 209 App Div 630). For the purposes of applying UCC 2-403 (1), a car thief is not a "purchaser", and if it is proven that Port purchased the vehicle from an actual car thief, or from the successor in interest to a car thief, then Port's title would be void, and not merely "voidable". Thus, if it were proven that Port purchased the vehicle from a thief, or from the successor of a thief, Port could not convey good title to a subsequent purchaser for value, pursuant to UCC 2-403 (1) *(see, Time Motor Sales v Property Clerk of Police Dept.,* 123 Misc 2d 513, *overruled on other grounds Carlone v Adduci,* 180 AD2d 282; *see also, Suburban Motors v State Farm Mut. Auto. Ins. Co.,* 218 Cal App 3d 1354, 268 Cal Rptr 16; *Robinson v Durham,* 537 So 2d 966 [Ala]; *Inmi-Etti v Aluisi,* 63 Md App 293, 492 A2d 917; *Evans BMW v Williams,* 395 SE2d 650 [Ga]; *Kotis v Nowlin Jewelry,* 844 SW2d 920 [Tex]; *In re Two Bose Speakers,* 17 Kan App 2d 179, 835 P2d 1385; *Allstate Ins. Co. v Estes,* 345 So 2d 265 [Miss]; *First Natl. Bank & Trust Co. v Ohio Cas. Ins. Co.,* 244 NW2d 209 [Neb]; *Schrier v Home Indem. Co.,* 273 A2d 248 [DC App]; *Alamo Rent-A-Car v Williamson Cadillac Co.,* 613 So 2d 517 [Fla]; *Butler v Buick Motor Co.,* 813 SW2d 454 [Tenn], *cert denied* 502 US 911; 3 Anderson, Uniform Commercial Code § 2-403:26, at 584 [3d ed 1983]; *cf., Hodges Wholesale Cars v Auto Dealer's Exch.,* 628 So 2d 608 [Ala]; *Jernigan v Ham,* 691 SW2d 553 [Tenn]; *CPI Oil & Ref. v Metro Energy Co.,* 557 F Supp 958 [ND Ala]). The cases relied upon by Port *(Johnny Dell, Inc. v New York State Police,* 84 Misc 2d 360; *Atlas Auto Rental Corp. v Weisberg,* 54 Misc 2d 168) do not hold to the contrary, and any dicta contained in those decisions, which might be interpreted as expressing a contrary view, should not be followed.

Whether the Lincoln Town Car purchased by the plaintiff was in fact a stolen vehicle is thus a material issue to be decided at trial. Port failed to adduce proof sufficient to warrant the conclusion that, as a matter of law, the subject vehicle had not been stolen, as alleged in the plaintiff's complaint. The Supreme Court therefore erred in granting summary judgment to Port *(see,* CPLR 3212).

For these reasons, the order appealed from should be reversed insofar as reviewed. The appeal from so much of the order as dismissed the cross claims asserted by the codefendant against Port must be dismissed, because the plaintiff is not aggrieved by that portion of the order *(see,* CPLR 5511; *Yule v Town of Huntington,* 204 AD2d 439; *Board of Mgrs. v Schorr Bros. Dev. Corp.,* 182 AD2d 664; *Lackner v Roth,* 166

AD2d 686; *Nunez v Travelers Ins. Co.,* 139 AD2d 712). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.