■ DAVID CARLONE, Respondent, v PATRICIA B. ADDUCI, as Commissioner of the New York State Department of Motor Vehicles, Appellant. [634 NYS2d 876] —Mikoll, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered October 11, 1994 in Albany County, which, *inter alia*, denied defendant's cross motion for summary judgment dismissing the complaint.

On August 16, 1988, plaintiff, a Canadian citizen, purchased a used DeTomaso 874 Pantera automobile from MRM Indus-

tries, Inc. in Connecticut allegedly bearing vehicle identification number (hereinafter VIN) THPNLK01142. A bill of sale from MRM indicated that the Pantera, VIN 01142, was sold to plaintiff "as is" for $6,850.

When plaintiff attempted to transport the Pantera across the U.S.-Canadian border from New York, Canadian customs officials refused to permit the vehicle's entry into Canada because the Connecticut certificate of title indicated it was a 1974 Pantera and importation into Canada of vehicles less than 15 years old was prohibited. Upon plaintiff's attempt to return the vehicle to this country, U.S. customs officials seized and inspected the Pantera and determined the VIN to be a "forgery". The Pantera was then delivered by the customs officials to the New York State Department of Motor Vehicles (hereinafter DMV) Auto Theft Unit, which confiscated it under the authority of Vehicle and Traffic Law § 423-a (1) (a) and (b).

DMV conducted forensic testing on the Pantera and informed plaintiff by letter dated December 22, 1988 that (1) the VIN "had been deliberately altered by grinding off the original numbers and restamping new and different numbers over the ground off identification numbers", (2) the original numbers could not be restored, thereby preventing determination of the true VIN or original owner of the vehicle, and (3) pursuant to Vehicle and Traffic Law § 423-a, if the true owner could not be determined, then title vested with the State for disposal of the vehicle in accordance with applicable State law. The determination that the VIN had been ground off and restamped with a new and different number was confirmed by both the National Auto Theft Bureau and the Federal Bureau of Investigation (hereinafter FBI). Requests for theft and registration information regarding the Pantera both nationwide and through Interpol met with answers of "no record" and "no response", respectively.

Subsequently, plaintiff commenced the instant action for, *inter alia*, a declaration of plaintiff's ownership of the Pantera and directing its return. Following defendant's answer, plaintiff moved for summary judgment claiming he was the rightful owner of the vehicle. Plaintiff's moving papers included an affidavit referring to several documents relating to the identity of the vehicle, the VIN and the year of manufacture. Supreme Court granted the motion, finding that plaintiff had demonstrated his ownership of the Pantera while defendant's evidence was only a conclusory determination that the Pantera had been stolen on the basis of the altered VIN. Defendant appealed from an order declaring plaintiff the owner of the Pantera.

This Court reversed Supreme Court's order, finding that plaintiff failed to demonstrate either that he was the owner of the Pantera prior to the alteration of the VIN or that plaintiff purchased the Pantera from the party who had owned it prior to the alteration (180 AD2d 282, 285). This Court further noted that plaintiff did not offer sufficient evidence to rebut the statutory presumption that a vehicle with an altered VIN be considered stolen (*supra*, at 285). The decision further indicated that the documentation furnished by plaintiff merely identified the 1971 Pantera with the altered VIN (*supra*, at 286). This Court rejected Supreme Court's broad interpretation of "ownership" as used in the statute in question. Rather, this Court defined the term in light of the statutory purpose in enacting Vehicle and Traffic Law § 423-a (1) as a part of an anti-theft program (*see*, Vehicle and Traffic Law §§ 421, 423-a) and held the term to mean the original or last owner of the vehicle prior to the alteration of the VIN (*supra*, at 285). Additionally, this Court held that there were questions of fact existing as to whether the VIN was actually altered (*supra*, at 285).

Following this Court's decision, plaintiff again moved for summary judgment. Plaintiff provided additional documentation of his ownership of the Pantera and tracing the chain of title of a 1971 Pantera with the VIN THPNLK01142 from its production in Italy to its sale to plaintiff. Along with opposing this new motion, defendant cross-moved for summary judgment relying on the DMV and FBI forensic analysis indicating that the VIN had been altered, plus documentation of the legislative history of Vehicle and Traffic Law § 423-a (L 1981, ch 976). Supreme Court found that triable questions of fact existed and denied both motions for summary judgment. Defendant appeals.

The order of Supreme Court denying defendant's cross motion for summary judgment should be affirmed. Plaintiff has raised triable issues of fact as to whether the VIN had been altered.

Defendant's moving papers on the motion have presented evidence in admissible form that the seized Pantera's VIN had been altered through the affidavit of Melvyn Milner of the DMV Office of Field Investigation, Auto Theft Unit, and forensic reports confirming the conclusion that the VIN had been ground off and replaced by a different number (*see*, *Zuckerman v City of New York*, 49 NY2d 557). The statutory presumption of Vehicle and Traffic Law § 423-a became operable and satisfies the movant's burden of proof (*supra*). Plaintiff's evidence including the new documentation fails to indicate that he was

the owner of the Pantera prior to the alteration of the VIN or that he purchased the Pantera from one who owned it prior to the alteration of the VIN. Nevertheless, plaintiff has presented evidence in admissible form controverting defendant's contention that the VIN had been altered, i.e., the documents apparently tracing the chain of title of a 1971 DeTomaso Pantera with a VIN of THPNLK01142 from the manufacturer in Italy to its subsequent purchase by plaintiff in August 1988. This documentation raises a triable issue of fact as to whether the VIN was in fact altered. It is for the trier of fact to resolve the effect to be given the inconsistent Connecticut certificate of title indicating that the Pantera purchased from MRM was a 1974 Pantera.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.