OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiff moves for declaratory judgment and interim relief. *412 Defendant Arcadia cross-moves for summary judgment dismissing the complaint, and defendant Four M Sales (Four M) also seeks dismissal of the complaint. The facts underlying this action are not in dispute.
Antwan Anderson purchased a 1993 Jeep Cherokee from Master Motors of Buffalo on January 4, 1997. Anderson paid $2,500 down and financed the remainder of the purchase price ($18,119.20) through an installment obligation to defendant Arcadia whereby he was to make 72 monthly payments of $424.60 commencing February 4, 1997. Defendant Arcadia secured the installment obligation with a lien which was properly perfected, and such lien was duly noted on Anderson’s certificate of title. Anderson made payments in February and March. On February 11, 1997, Anderson submitted a forged release of lien on a piece of stationery which purported to be Arcadia letterhead to the Department of Motor Vehicles. Through the submission of the release of lien, Anderson obtained on March 4, 1997, a new certificate of title without any lien noted thereon. On March 14, 1997, Anderson sold the vehicle to defendant Four M. On April 21, 1997, Four M sold the vehicle to the plaintiff, who financed its acquisition through defendant Pentagon. On June 13, 1997, the vehicle was repossessed by Arcadia’s agent. Defendant Arcadia claims that its lien continues despite the filing of the false release of lien, and despite the issuance by the Department of Motor Vehicles of a certificate of title with no liens noted. Plaintiff claims that he acquired the vehicle from Four M without Arcadia’s lien.
New York enacted the Uniform Vehicle Certificate of Title Act in 1971 (Vehicle and Traffic Law § 2101 et seq.). The Act preempts UCC article 9 with respect to security interests in automobiles which are created by persons other than dealers; thus, article 9 has no application to this case. Under section 2118, a security interest in the automobile is perfected by the filing of an application with the Department of Motor Vehicles. It is undisputed that defendant Arcadia properly perfected its security interest by such a filing. Under section 2121, a security interest is released by the filing of a release of lien which has been executed by the lienholder. Although Anderson filed a release of lien, it is undisputed that such release was not executed by Arcadia. While the certificate of title is prima facie evidence of the information contained thereon (§ 2108 [c]), the existence of the certificate of title in question is not dispositive of the issue. Anderson could not and did not convey unencumbered title of the Jeep to Four M. This is not, however, *413 determinative of the issue of whether Four M, as a dealer in used automobiles, could deliver unencumbered title to plaintiff, as a buyer in the ordinary course of business, who is a good-faith purchaser for value.
UCC 2-403 (1) provides in part: "A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value.” A purchaser who purchases a vehicle from a thief, or from a dealer who has purchased from a thief does not acquire title under section 2-403. (See, e.g., Candela v Port Motors, 208 AD2d 486 [2d Dept 1994].) However, a person who acquires title by fraud has "voidable” title, and can convey good title so long as the goods are transferred to a good-faith purchaser for value before such title is voided. (See, e.g., Sheridan Suzuki v Caruso Auto Sales, 110 Misc 2d 823 [Sup Ct, Erie County 1981].) A person who acquires a certificate title by fraudulent documents submitted to the Department of Motor Vehicles does not acquire voidable title within the meaning of section 2-403. (Alamo Rent-A-Car v Mendenhall, 113 Nev 445, 937 P2d 69 [1997].) Such a person has no greater title than he did prior to the acquisition of the documents. For this reason, Arcadia’s lien continued in the vehicle after its sale to plaintiff. Had Anderson acquired a properly executed release of lien through fraud or through a dishonored check, his resulting unencumbered title would have been "voidable”. However, he did not ever acquire a proper release of lien, and his title, encumbered by the Arcadia lien, remained unchanged by the submission of the forged release of lien. Thus, Anderson conveyed title to Four M subject to Arcadia’s lien, and Four M could only convey the same title to plaintiff.
Four M, however, as a dealer in automobiles, warrants unencumbered title under UCC 2-312 (3). Since the vehicle sold by Four M to the plaintiff was subject to Arcadia’s lien, Four M breached its warranty of title, and plaintiff is entitled to recover his damages due to the existence of this lien from Four M. (Candela v Port Motors, supra.) The measure of damages is the lesser of the outstanding loan balance owed to Arcadia or the amount paid by plaintiff to Four M including the payments under his installment obligation and the outstanding loan balance owed to defendant Pentagon. In the event that the amount paid by plaintiff is greater than the outstanding loan balance owed to Arcadia, Four M is to pay off that loan bal *414 ance by payment to Arcadia, arid the plaintiff will retain the vehicle, and he may maintain his action against Arcadia for the claimed damage to the vehicle during the repossession and retention of the vehicle by Arcadia. In the event that the amount paid by plaintiff is less than the outstanding loan balance owed to Arcadia, Four M is to return to plaintiff any down payment and any payments made by plaintiff to Pentagon on the installment obligation, and Four M is also to pay the outstanding loan balance to Pentagon. In that case, plaintiff is entitled to recover from Arcadia the value of improvements he made to the automobile after its purchase. (Alamo Rent-A-Car v Mendenhall, supra.)
For these reasons, judgment is granted to plaintiff against defendant Four M, and judgment is granted to defendant Arcadia against plaintiff on the issue of the validity of its lien.