■ PETER W. TAVOULAREAS, Respondent-Appellant, v STEVEN KESSLER MOTOR CARS, INC., et al., Respondents, and STAUFFER CLASSICS, LTD., et al., Appellants-Respondents. [686 NYS2d 17] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered August 13, 1998, which, *inter alia*, granted defendants', McGann and Stauffer, motions for summary judgment only in part, unanimously modified, on the law, to dismiss the remainder of the complaint as against them, and otherwise affirmed, without costs. The Clerk is directed to enter judg-

ment in favor of defendants McGann and Stauffer dismissing the complaint as against them.

Stauffer and McGann are good faith purchasers under UCC 2-403, and thus cannot be held liable in conversion for not returning the subject automobile. Vehicle and Traffic Law § 2113 and 15 NYCRR 78.40 are inapplicable to the subject automobile, a pre-1972 vehicle (Vehicle and Traffic Law § 2102 [a] [10]), and even if such provisions were applicable, or we were to otherwise find that defendant Motor Cars lacked authority from plaintiff to sign the back of the registration certificate, we would find that Stauffer and McGann each received "voidable title" to the vehicle, and had the right to convey it (*see, Ross v Leuci*, 194 Misc 345; *Green v Arcadia Fin.*, 174 Misc 2d 411, 413; *see also, Coffman Truck Sales v Sackley Cartage Co.*, 58 Ill App 3d 68, 373 NE2d 1026). We have considered and rejected the parties' additional claims for affirmative relief. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.