■ In the Matter of JOSEPH DePASQUALE, Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT, Appellant, et al., Respondent. [759 NYS2d 97] —In a proceeding pursuant to CPLR article 78 to compel the Suffolk County Police Department to return a certain 1985 General Motors flatbed truck, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered June 18, 2002, which, after a hearing, granted the petition and directed the return of the subject vehicle.

Ordered that the judgment is affirmed, with costs.

On July 17, 2001, the petitioner purchased a 1985 General Motors flatbed truck for $12,000. Two days later, the Suffolk County Police Department (hereinafter the Police Department) seized the vehicle pursuant to Vehicle and Traffic Law § 423-a, which permits a local police department to take such action "if any original [vehicle] identification number * * * is destroyed, removed, altered, defaced or so covered as to be effectually concealed." The statute further permits a local police department to treat a seized vehicle as abandoned if the owner or custodian of the vehicle is convicted of its theft, or if the ownership of the vehicle cannot be ascertained (*see* Vehicle and Traffic Law § 423-a [1] [b]). The Police Department alleges the "public" vehicle identification number (hereinafter VIN) on the subject truck was altered because, inter alia, it does not match the "private" VIN that the manufacturer placed in a hidden location inside the vehicle. After conducting a hearing, the Supreme Court granted the petition and directed the Police Department to return the truck, concluding that the petitioner had established that he was the owner of the truck, and that there was no proof that it was a stolen vehicle.

On appeal, the Police Department contends that the evi-

dence presented at the hearing was insufficient to prove that the petitioner owned the vehicle, and to rebut the statutory presumption of theft which arises when a VIN has been altered. We disagree. The evidence presented at the hearing traced ownership of the vehicle under its public VIN to its purchase from a salvage yard in 1988. The evidence further established that the Department of Motor Vehicles conducted an inspection of the vehicle prior to issuing a salvage title certificate under its public VIN in March 1989. There was also testimony that no vehicle bearing either the public or private VIN numbers which appear on the subject truck have been reported stolen. Furthermore, substantial repairs and improvements were made to the vehicle over the years, and a detective who testified at the hearing acknowledged that the public and private VIN numbers on a vehicle could be mismatched where the vehicle had been rebuilt using parts from other vehicles. Under these circumstances, the petitioner rebutted the presumption that his truck was a stolen vehicle which arises from the alleged alteration of the public VIN (*cf. Carlone v Adduci,* 222 AD2d 754 [1995]; *Carlone v Adduci,* 180 AD2d 282 [1992]). Santucci, J.P., Krausman, Townes and Mastro, JJ., concur.