SK GLOBAL AMERICA, INC., Respondent, v JOHN ROBERTS, INC., Appellant. [778 NYS2d 5]—

Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered February 21, 2003, which granted plaintiff's motion for summary judgment on its first cause of action and denied defendant's motion to dismiss the complaint, and order, same court and Justice, entered June 19, 2003, which, to the extent appealed from, denied defendant's cross motion for summary judgment dismissing the second cause of action, unanimously affirmed, with one bill of costs.

Plaintiff entered into a succession of financial arrangements with nonparty corporate entities Otis Creation and Blue Apparel Company, and their principal, Ki Young Bong. Blue Apparel, as assignee of Otis Creation, defaulted, triggering certain rights on plaintiff's behalf. Pursuant to their loan agreement, plaintiff had a perfected security interest in all of Blue Apparel's assets, inventory, property and contract rights, authorizing it, upon default, to take title to Blue Apparel's assets and, by assignment, to contractual payments owed to Blue Apparel and Otis Creation. Notwithstanding a default and proper notification to Blue Apparel of that event, Blue Apparel transferred goods to defendant for payment. Plaintiff notified defendant that it held a security interest in those goods and a financial right to the payments therefor. Nevertheless, defendant accepted the deliveries from Blue Apparel and paid Blue Apparel under their contractual arrangement. Plaintiff then sued defendant for alleged violation of its security interest, seeking enforcement under article 9 of the Uniform Commercial Code, and for conversion.

In *Bank of India v Weg & Myers* (257 AD2d 183, 191-192 [1999]), this Court held that a secured party's right to possession of collateral upon default may be asserted against a third party in possession, and the party in possession may not refuse the secured party's request to turn over the collateral. At the very least, the party in possession should seek judicial direction before disposing of the disputed proceeds. Once the party in possession receives notice of an outstanding right of possession by a secured creditor, it becomes a stakeholder as to the disputed proceeds.

Receipt of plaintiff's notice of the secured loan, together with a warning that making payments to Blue Apparel instead of plaintiff would constitute a violation of the security interest, deprived defendant of the right to claim status as a buyer in the ordinary course of business (UCC 9-320 [a]). Defendant's subsequent acceptance of deliveries from Blue Apparel, and payments to Blue Apparel therefor, could not have been made in good faith (UCC 1-201 [19]).

For similar reasons, the entrustment defense (UCC 2-403) was unavailing as to transfers that postdated plaintiff's rescission of title in the disputed goods (*cf. Green v Arcadia Fin.*, 174 Misc 2d 411 [1997], *affd* 261 AD2d 896 [1999], *lv denied* 93 NY2d 816 [1999]). Similarly unavailing is defendant's contention that the court, in an April 10, 2001 order, authorized Blue Apparel to continue making deliveries to defendant in the ordinary course of business. At best, the ambiguous phrasing on which defendant relies reflected only Blue Apparel's consent to refrain from transfers except in the ordinary course of business, the latter characterization remaining sharply in dispute. On the present state of the record, however, the conversion claim cannot be resolved. Concur—Nardelli, J.P., Tom, Ellerin, Williams and Lerner, JJ.