■ In the Matter of JOSEPH F. VENTO, Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Appellants. [786 NYS2d 81]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles dated April 21, 2003, finding that the petitioner's Ford Model A vehicle was "unidentifiable" and subject to confiscation pursuant to Vehicle and Traffic Law § 423-a, the New York State Department of Motor Vehicles appeals from (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated September 23, 2003, which, inter alia, enjoined it from selling the subject vehicle at auction pending a hearing on the petition, and (2) a judgment of the same court dated November 21, 2003, made after a hearing, which granted the petition, and directed it to assign the subject vehicle a vehicle identification number, and return the subject vehicle to the petitioner.

Ordered that the appeal from the order dated September 23, 2003, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order dated September 23, 2003, must be dismissed because no appeal lies as of right from a nonfinal order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b]; *Matter of Cohen v State of New York,* 2 AD3d 522 [2003]), and, in any event, any right of appeal therefrom terminated with entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241 [1976]).

The Supreme Court correctly annulled the determination of the appellant, the New York State Department of Motor Vehicles (hereinafter the DMV), finding that the petitioner's Ford Model A automobile (hereinafter the vehicle) was "unidentifiable" and subject to confiscation pursuant to Vehicle and Traffic Law § 423-a (*see Carlone v Adduci,* 222 AD2d 754 [1995]). The vehicle had been partially restored when the petitioner purchased it in 1985. Its original Ford engine and transmission had already been replaced with the engine and transmission of a 1960 Chevrolet, and the rear end of the Vehicle had been replaced with parts from a Jaguar. In fact, at the time of purchase, the only original Ford part of the Vehicle was the body itself. Over

the next 16 years, the petitioner spent approximately $50,000 further restoring the vehicle and transforming it into a "hot rod," which he then displayed at certain custom car shows.

According to the DMV's investigator, the vehicle identification number (hereinafter VIN) on the vehicle, as originally manufactured by Ford circa 1930, would have appeared on the original Ford engine, which had been removed from the vehicle by the time the petitioner purchased it. The VIN on the replacement Chevrolet engine had been ground down and was unreadable. The petitioner offered evidence, however, that the smoothing out of rough surfaces on the engine, sometimes referred to as "decking," is commonly performed on custom cars with open engine bays.

The destruction of a VIN on a component part of a vehicle, if done knowingly, is a felony (see Penal Law § 170.65 [1]) and authorizes the DMV to consider the part unidentifiable and remove it from the vehicle (see 15 NYCRR 71.2, 71.4 [b]). Under these circumstances, therefore, the DMV was entitled to presume that the replacement engine had been stolen (see Vehicle and Traffic Law § 423-a; Matter of DePasquale v Suffolk County Police Dept., 304 AD2d 664 [2003]). The DMV had no basis to presume, however, that the vehicle itself had been stolen, since the VIN on the replacement 1960 Chevrolet engine could not, in any event, have been the "original identification number" (Vehicle and Traffic Law § 423-a [1] [a]) of this circa 1930 Ford vehicle. Moreover, the petitioner adduced sufficient proof of ownership to rebut any presumption of theft attaching to the vehicle itself.

Significantly, the petitioner proffered what appeared to be a 1947 registration for the vehicle, signed by a prior owner. Because the DMV does not maintain records dating back to that time, it could neither ascertain nor disprove the authenticity of the registration which provided a serial number that was ultimately traced by the DMV to a 1929 Ford Model A. Moreover, a comprehensive search of the serial number listed on the registration turned up no evidence that the vehicle was stolen. Thus, the petitioner rebutted the presumption that the vehicle was stolen, and the Supreme Court correctly directed the DMV to return it to him and to assign a suitable VIN so that it may be registered (see Matter of DePasquale v Suffolk County Police Dept., supra). Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.