■ BEST SOUND AND SECURITY, INC., Respondent, v NEW YORK CITY POLICE DEPARTMENT et al., Appellants. [792 NYS2d 129]—

In an action, inter alia, to recover possession of a certain 1991 Lamborghini automobile, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated November 6, 2003, as, after a hearing, granted the plaintiff's motion, in effect, for summary judgment and directed the return of the subject vehicle, (2) from an order of the same court dated December 17, 2003, which granted the plaintiff's motion to hold the defendants in contempt to the extent of imposing a fine if the defendants failed to comply with the order dated November 6, 2003, by

December 19, 2003, and (3) from an order of the same court dated March 2, 2004, which, after a hearing, granted the plaintiff's motion to hold the defendants in contempt for failing to comply with the order dated November 6, 2003, and imposed a fine.

Ordered that the appeal from the order dated December 17, 2003, is dismissed, as that order was superseded by the order dated March 2, 2004; and it is further,

Ordered that the order dated November 6, 2003, is reversed insofar as appealed from, on the law and the facts, and the motion, in effect, for summary judgment is denied; and it is further,

Ordered that the order dated March 2, 2004, is reversed, on the law and the facts, the motion to hold the defendants in contempt is denied, and the fine and the order dated December 17, 2003, are vacated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

On January 3, 2001, Rudy Zitserman, on behalf of the plaintiff, purchased a used 1991 Lamborghini Diablo ostensibly bearing vehicle identification number (hereinafter VIN) ZA9DU07P7MLA12149 from a dealership in Queens. On May 12, 2003, acting on a tip from a confidential informant, detectives from the Auto Crimes Division of the New York City Police Department (hereinafter the Police Department) seized and inspected the Lamborghini. After a detective determined that the "confidential" VIN located in the engine compartment appeared to be altered, the Police Department confiscated the Lamborghini under the authority of Vehicle and Traffic Law § 423-a and vouchered it. On June 10, 2003, the plaintiff commenced this action, inter alia, to recover possession of the Lamborghini and subsequently moved, in effect, for summary judgment. On August 7, 2003, Zitserman was arrested and charged in a felony complaint with illegal possession of a VIN (see Penal Law § 170.70 [2]). Following a hearing, by order dated November 6, 2003, the Supreme Court, among other things, granted the plaintiff's motion and directed the defendants to return the subject vehicle to the plaintiff within five days after service upon them of a copy of the order with notice of entry. The Supreme Court determined that the Police Department had unlawfully searched and seized the vehicle, that the vehicle was not related to, and/or no longer needed for, any criminal proceeding, and that the defendants failed to establish that the vehicle was either stolen or that the VIN was altered.

The plaintiff moved to hold the defendants in contempt for failing to comply with the Supreme Court's order dated

November 6, 2003. The defendants opposed the motion on the ground that they had no notice or knowledge of the order, as the plaintiff served notice of entry upon the offices of the Corporation Counsel of the City of New York rather than the Legal Bureau of the Police Department who was representing them. Subsequently, the Supreme Court granted the defendants' application to re-open the hearing to permit them to introduce additional proof that the Lamborghini was reported stolen in Florida. By order dated December 17, 2003, the Supreme Court granted the plaintiff's motion to hold the defendants in contempt to the extent of imposing a fine unless they complied with the order dated November 6, 2003, by December 19, 2003. After the hearing, the Supreme Court found that, regardless of the status of the Lamborghini, the vehicle was unlawfully seized and the defendants failed to establish the plaintiff's guilt of any crime. Moreover, the Supreme Court found, inter alia, that the defendants failed to comply with the order dated November 6, 2003, and by order dated March 2, 2004, the Supreme Court held them in contempt and imposed a fine.

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiff's request for a hearing. At the time that this action was commenced, no one had been arrested in connection with the seizure of the Lamborghini. In support of its motion, in effect, for summary judgment on its complaint, inter alia, to recover possession of the vehicle, the plaintiff presented evidence controverting the defendant's allegation that the VIN was altered through documents apparently tracing the chain of title of a 1991 Lamborghini Diablo with a VIN of ZA9DU07P7MLA12149 from the manufacturer in Italy in 1991 to its purchase by the plaintiff. This documentation raised a question as to whether the VIN was, in fact, altered and, a fortiori, whether the defendants had the authority to seize and retain custody of the vehicle (see Vehicle and Traffic Law § 423-a [1] [a], [b]; *Carlone v Adduci*, 222 AD2d 754 [1995] [hereinafter *Carlone II*]; *Carlone v Adduci*, 180 AD2d 282 [1992] [hereinafter *Carlone I*]).

However, upon weighing "the relative probative force of conflicting testimony as·well as conflicting inferences which may be drawn therefrom" (*Matter of Fasano v State of New York*, 113 AD2d 885, 888 [1985]; see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Spano v Perini Corp.*, 25 NY2d 11 [1969]), we conclude that the defendants established that the VIN was altered. According to the testimony of the defendants' two forensic experts, Detectives LePage and Loughman, the "confidential" VIN in

the engine compartment appeared on visual inspection to have been altered. Detective Loughman further testified that, although there were several reports of stolen Lamborghinis, the Police Department could not ascertain the original VIN or the true owner because the VIN on the subject Lamborghini had been altered. Upon re-opening the hearing, a third forensic expert, Detective Heiser, testified that he conducted an acid test on the "confidential" VIN and concluded that the original VIN had been altered. The Supreme Court failed to give sufficient probative weight to the testimony of these detectives. These three detectives had several years of experience in investigating automobile crimes and making determinations as to VIN alterations. Moreover, each had inspected the Lamborghini at issue. Thus, these detectives were well qualified to render expert opinions as to whether the Lamborghini's VIN had been altered and their opinions were entitled to great weight. In addition, photographs taken during the acid test which partially revealed the original VIN were admitted in evidence. Although the plaintiff's expert, an engineering consultant for Lamborghini, testified that the "confidential" VIN appeared to be normal and matched both the "public" VIN and the secret identification code placed by the manufacturer in a hidden location in the vehicle, he had no forensic training or law enforcement experience and had never seen an altered VIN. Moreover, Detectives LePage and Loughman both testified that the aim of professional car thieves was to make VINs appear to be normal, in order to conceal the vehicle's status as stolen.

The plaintiff failed to rebut the statutory presumption that the Lamborghini was stolen by conclusively establishing that it was the owner of the Lamborghini before the alteration of the VIN or that the plaintiff purchased the Lamborghini from the party who had owned it before the alteration (*see Matter of Vento v New York State Dept. of Motor Vehs.*, 12 AD3d 684 [2004]; *Matter of DePasquale v Suffolk County Police Dept.*, 304 AD2d 664 [2003]; *Carlone II, supra; Carlone I, supra*). The documentation furnished by the plaintiff, i.e., a retail certificate of sale dated January 3, 2001, a certificate of title issued to it on March 1, 2001, a "Carfax Vehicle History Report," and a certificate of title issued to a prior owner, merely identified a 1991 Lamborghini with the altered VIN (*see Carlone I, supra*).

Moreover, since the defendants presented ample evidence demonstrating that the VIN had been altered, the Lamborghini was "[p]er se contraband," that is, " 'objects the possession of which, without more, constitutes a crime' " (*United States v Farrell*, 606 F2d 1341, 1344 [1979], quoting *One 1958 Plymouth*

*Sedan v Pennsylvania,* 380 US 693, 699 [1965]). Accordingly, even if the vehicle was illegally seized, as the Supreme Court found, that did not entitle the plaintiff to its return (*see United States v Jeffers,* 342 US 48, 54 [1951]; *Trupiano v United States,* 334 US 699, 710 [1948]; *see also People v Gatti,* 16 NY2d 251, 254 n 3 [1965]).

Furthermore, as of the commencement of this action, a police investigation was ongoing which culminated in the commencement of a criminal proceeding against Rudy Zitserman in connection with the seizure of the Lamborghini. The criminal proceeding had not terminated at the time of the hearing. Thus, the defendants were entitled to retain the seized unidentified Lamborghini pending disposition of the criminal proceeding and until its true ownership was ascertained pursuant to Vehicle and Traffic Law § 423-a and the regulations promulgated thereunder (*see* Vehicle and Traffic Law § 423-a; 15 NYCRR 71.1, 71.2, 71.5). Accordingly, the Supreme Court erred in granting the motion, in effect, for summary judgment (*see Matter of B. T. Prods. v Barr,* 44 NY2d 226, 233 n 2, 239 [1978]; *Simpson v Saint John,* 93 NY 363 [1883]; *Matter of Whitehead v District Attorney of Columbia County,* 289 AD2d 728 [2001]; *Matter of Marra v Hynes,* 221 AD2d 539 [1995]; *SSC Corp. v State of N. Y. Organized Crime Task Force,* 128 AD2d 860 [1987]).

In addition, in light of the defendants' lack of notice or knowledge of the order dated November 6, 2003, until on or about December 2, 2003, the automatic stay which was triggered upon the defendants' filing of a notice of appeal dated December 8, 2003 (*see* CPLR 5519), and the order dated December 17, 2003, which, in effect, extended the defendants' time to comply until December 19, 2003, the Supreme Court should have denied the plaintiff's motion to hold the defendants in contempt (*see* Judiciary Law § 753 [A] [3]).

Finally, notwithstanding the dispute over the true ownership of the Lamborghini, the defendants' contention regarding the denial of the application by State Farm Insurance for leave to intervene in the action is not properly before this Court. H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.