■ ROSS DILORENZO, Appellant, v GENERAL MOTORS ACCEPTANCE CORP., Respondent. [814 NYS2d 750]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Byrne, J.H.O.), entered July 18, 2005, as, after a nonjury trial upon stipulated facts, and upon a decision of the same court dated April 7, 2005, is in favor of the defendant and against him dismissing the first, third, and fifth causes of action.

Ordered that the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly awarded judgment to the defendant dismissing the causes of action to recover damages for trespass to chattel, conversion, and negligence. A person who, like the plaintiff, innocently purchases stolen property from a thief, nonetheless acquires no title to that property (*see Candela v Port Motors*, 208 AD2d 486, 486-487 [1994]; *Green v Arcadia Fin.*, 174 Misc 2d 411, 413 [1997], *affd* 261 AD2d 896 [1999]; *cf. Johnny Dell, Inc. v New York State Police*, 84 Misc 2d 360 [1975]). Moreover, where, as here, a demand for the return of the stolen property is made on behalf of the rightful owner, the plaintiff, as an innocent purchaser, loses any possessory interest he might have claimed in the property (*see Pivar v Graduate School of Figurative Art of N.Y. Academy of Art*, 290 AD2d 212, 213 [2002]). Thus, the defendant's seizure of the subject property, even under the mistaken belief that it had a security interest therein, did not impose liability upon it to the plaintiff for the value of the property. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.