■ NORMAN ALEXANDER, Respondent, v SPANIERMAN GALLERY, LLC, et al., Appellants, et al., Defendant. [883 NYS2d 492]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered September 22, 2008, which granted plaintiff's renewed motion for summary judgment and compelled defendants Buckley-Weyside and Buckley to turn over to plaintiff the Edgar Degas sculpture entitled "Danseuse Regardant La Plante de son Pied Droit," unanimously affirmed, with costs.

At the time Thomas A. Doyle sold the sculpture in question to defendant Universe Antiques, on December 21 or 22, 2004, he had possessed it only for the purpose of its authentication. As such, there was no delivery from plaintiff to him "under a transaction of purchase"; he possessed no "voidable title" under UCC 2-403 (1), and could not pass good title even to subsequent good faith purchasers for value (*see Candela v Port Motors*, 208 AD2d 486, 487 [1994]; *Green v Arcadia Fin.*, 174 Misc 2d 411 [1997]). To the extent defendants attempt to raise an issue of fact by arguing that title may only have passed to Universe Antiques upon final payment, which they suggest may have occurred after plaintiff agreed to sell the sculpture to Doyle, this argument was improperly raised for the first time in defendants' reply brief. When this final payment occurred is fully within the knowledge of defendants, but they have failed to articulate it, and so have failed to raise a triable issue of fact disputing the evidence submitted by plaintiff, which includes the bill of sale and its addendum, as well as Doyle's guilty plea establishing that the sale by Doyle occurred on or about December 21 or 22, 2004, before any discussion between plaintiff and Doyle about the latter's purchase of the sculpture. Moreover, the addendum to the bill of sale, on which defendants rely, clearly states that the sculpture was sold to Universe Antiques, on December 22, 2004.

The court properly determined that discovery in this case is unnecessary for granting summary judgment. Whether or not plaintiff had insurance on the sculpture and whether or not he

collected a payment for its theft are issues between plaintiff and his insurer. When plaintiff regains possession of the sculpture, the insurer would presumably be entitled to either a return of the payment or possession of the sculpture. None of the issues for which defendants argue they need discovery affect the central issue (see Trainer v City of New York, 41 AD3d 202 [2007]) of whether or not they obtained good title to the sculpture, which they did not. Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ.