Sarlaben Shere, Respondent,
against
Jonathan and Son Auto Repairs, Inc., Appellant.




Law Office of Norman A. Kaplan (Norman A. Kaplan of counsel), for appellant.
Sarlaben Shere, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Glen Cove, Nassau County (Joseph D. McCann, J.), entered December 7, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,519.




ORDERED that the judgment is affirmed, without costs; and it is further,
ORDERED that the Clerk of the City Court of Glen Cove, Nassau County, or his or her designee shall amend the caption to reflect defendant's true name as "Jonathan and Son Auto Repairs, Inc."
In this small claims action, plaintiff seeks to recover the sum of $5,000 based on defendant's alleged sale of a stolen car to plaintiff. At a nonjury trial, the sole issue in dispute was whether it was defendant who had sold the vehicle in question to plaintiff. 
It is undisputed that, following plaintiff's purchase of the vehicle, it had been impounded by the Nassau County Police Department, on the ground that it had been determined to be a stolen vehicle, and that the vehicle had never been returned to plaintiff. Plaintiff introduced into evidence a signed receipt marked "paid," bearing defendant's printed name at the top, which set forth plaintiff's name and address, the vehicle's make and vehicle identification number, and contained the words "vehicle sold as is $4,000.00." It was further undisputed that plaintiff had given defendant $4,000 in cash. Defendant argued that the signature on the receipt was an [*2]unauthorized signature and that the lack of a bill of sale demonstrates that it had not sold plaintiff the vehicle. Following the trial, the City Court awarded plaintiff the principal sum of $4,519. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find no basis to disturb the City Court's credibility determinations. Plaintiff has established that she is entitled to recover damages based on defendant's breach of the warranty of title by virtue of its sale of a stolen vehicle to plaintiff (see UCC 2-312; Candela v Port Motors, 208 AD2d 486 [1994]). Consequently, the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807).
Accordingly, the judgment is affirmed.
We note that the City Court's caption of the action and the other court papers do not correctly state defendant's name. The Clerk of the City Court of Glen Cove, Nassau County, or his or her designee is directed to amend the caption and the other papers to reflect that defendant's name is Jonathan and Son Auto Repairs, Inc. (see CPLR 3019 [a]; see also UCCA 1814 [b], [c]), and the caption of the appeal has been so amended.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2018