LOUIS SCHULTZ, Respondent-Appellant, *v.* DAVID ALFRED et al., Doing Business as ALFRED DISTRIBUTING Co., Respondents, and LARNER COAL AND OIL Co., INC., Appellant-Respondent.

Third Department, July 27, 1960.

*George Polansky* (*William F. Conway* of counsel), for respondent-appellant.

*Towner & Erway* (*Neile F. Towner* and *William R. Crotty* of counsel), for respondents.

*Lewis & Lyons* (*Donohue & Bohl* of counsel), for Larner Coal and Oil Co., appellant-respondent.

REYNOLDS, J. This is an appeal by the defendant, Larner Coal and Oil Co., Inc. (hereinafter referred to as the Larner Company), from a judgment for $5,000 and costs in favor of the plaintiff, Louis Schultz, and against said Larner Company. The Larner Company also appealed from an order setting aside the verdict rendered against defendant, David Alfred and others, a copartnership, doing business as Alfred Distributing Co. (hereinafter referred to as the Alfred Company) and from a judgment in favor of said Alfred Company against the plaintiff dismissing the complaint, with costs. The plaintiff appealed from said judgment in favor of the Alfred Company setting aside the verdict and dismissing the complaint, with costs.

The trial was held before ELSWORTH, J., and a jury. The usual motions were made by both defendants at the close of plaintiff's case and also at the close of the entire case to dismiss the complaint. The court reserved decision and submitted the case to the jury. The jury brought in a verdict against both defendants for $5,000. The defendant, Alfred Company, renewed said motion and moved to set aside the verdict of the jury as contrary to the law, contrary to the evidence and on all the grounds set forth in section 549 of the Civil Practice Act except inadequacy. The Larner Company made a similar motion. The court reserved decision on said motions. Subsequently the court in a memorandum denied the motion of the Larner Company and granted the motion of the Alfred Company made at the close of the whole case to dismiss — upon which decision was reserved — and granted such motion as well as the motion to set aside the verdict as contrary to the evidence and the law and dismissed the complaint.

The facts upon which this negligence action is predicated are rather unusual. The accident occurred at the premises of the Alfred Company. Plaintiff was injured as he was leaving the rear door of the premises following one Davis and one of the

partners, Reuben Alfred. Plaintiff had come to the premises of the Alfred Company in company with one Davis seeking employment, and at the time of the occurrence of the accident was being taken by Alfred out a rear entrance way which led to an alley which in turn led to a warehouse owned by the said company. At this particular moment, the defendant, Larner Company, was making a delivery of fuel oil from one of their fuel oil trucks to an oil tank located in the basement of the Alfred Co. premises, access to which from the outside was gained through a fill pipe located on the outer wall on the alley side of the building approximately five feet above the ground and about six inches from the doorway. Larner's truck operator had inserted the nozzle of the oil hose into the fill pipe and in so doing, the oil hose leading from the oil truck to the fill pipe had been so placed as to cross in front of the outer side of this door.

When the defendant, Alfred, opened the door, leading the way for this plaintiff, the door, which opened outward, struck the hose, dislodging it from the fill pipe and, as oil was then being pumped under pressure from the truck through this hose, the oil was sprayed over the plaintiff's face, some of it allegedly getting into his eyes and causing the injuries for which he has recovered a verdict against both of these defendants.

We may at the outset dispose of two phases of this controversy. The judgment against the defendant, Larner Company, based on the negligence of its truck driver is amply supported by the evidence and must be affirmed. The appeal of the defendant, Larner Company, from the order dismissing the plaintiff's complaint as against the codefendant, the Alfred Company, was not properly taken for the reason that the Larner Company is not an aggrieved party and has no right to appeal therefrom; but the question is academic, as the plaintiff has appealed from the order setting aside the jury's verdict as to the Alfred Company and from the judgment dismissing the complaint as to them.

We believe that the trial court properly set aside the verdict as to the Alfred Company upon this record. The facts seem to indicate that the negligence of the driver of the Larner Company truck and his negligence alone was the cause of the accident. There was no notice to Alfred that there was any delivery of oil in process, and no notice that a hose was laid across the door. There were other ways demonstrated to deliver this oil without placing the hose across the door. The risk of opening the door and striking the hose could not have been reasonably foreseen by Reuben Alfred.

In *Payne* v. *City of New York* (277 N. Y. 393, 396), the court commenting on actionable negligence stated: "A person cannot be held liable in negligence for failing to provide against a danger he could not have reasonably foreseen. (*Van Leet* v. *Kilmer*, 252 N. Y. 454; *Beickert* v. *G. M. Laboratories*, 242 N. Y. 168; *Cleveland* v. *New Jersey Steamboat Co.*, 125 N. Y. 299.)"

This principle is clearly laid down in *Cartee* v. *Saks Fifth Ave.* (277 App. Div. 606, 609), where the court said: "The fundamental basis of liability for actionable negligence is the reasonable foreseeability of the risk, the ability reasonably to anticipate the risk; every possible accident due to unusual and reasonably unforeseeable combinations of circumstances is not included; reasonable foresight is required but not prophetic vision" (and cases cited).

No negligence on this record could be predicated from the location of the oil fill pipe. There is no evidence to show that its location was improper.

The mere happening of an accident is not sufficient proof that the construction was faulty or that the defendant should have reasonably foreseen the occurrence of an accident. (*De Salvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333, 338.)

As the court below correctly observed: "It was not the installation that brought about the occurrence, but rather the careless manner in which the same was used by the other defendant's employee. This does not fall within the scope of something which the defendants Alfred could be called upon under the law reasonably to have foreseen."

There seems to be no complaint as to the amount of damages as found by the jury, but in any event on the record we do not find same excessive.

The judgment and order in favor of Alfred Company should be affirmed. Judgment in favor of plaintiff against Larner Company should be affirmed, with one bill of costs to be divided by the plaintiff Schultz, and the defendant Alfred Company with printing disbursements to each.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Judgment and order in favor of Alfred Company affirmed.

Judgment in favor of plaintiff against Larner Company affirmed, with one bill of costs to be divided by the plaintiff Schultz, and the defendant Alfred Company, with printing disbursements to each.