■ LUCY CIACCIO, Respondent, v NEVIO GERMIN et al., Appellants; BLIMA HOMES CORP., Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, the defendants Nevio and Slavica Germin appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Morton, J.), dated March 23, 1987, as denied their cross motion for summary judgment and granted those branches of the motion of the defendant Blima Homes Corp. which were for summary judgment dismissing the complaint and their cross claim as against it.

Ordered that the appeal is dismissed insofar as it seeks review of the grant of the branches of the defendant-respondent's motion which were for summary judgment dismissing the complaint and the appellants' cross claim as against it, on the ground that the appellants are not aggrieved by those portions of the order *(see,* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision denying the cross motion of the appellants for summary judgment and substituting therefor a provision granting the cross motion and dismissing the action as against the appellants; as so modified, the order is affirmed insofar as appealed from and reviewed, with costs.

The plaintiff fell on a public sidewalk in front of premises owned by the appellants. The plaintiff testified at her deposition that when she looked down immediately after her fall, she observed "little stones [or] pebbles", which she described as "like gravel" under her shoes. It is her theory that these stones constituted a dangerous condition which was created by the appellants when they constructed a low brick wall in front of their home. However, the plaintiff has come forward with no facts potentially linking these otherwise undescribed bits of stone or gravel to the construction which apparently took place some four months before the accident. There is thus no basis upon which a trier of fact could properly conclude that the appellants created the condition of which the plaintiff complains *(cf., Spett v President Monroe Bldg. & Mfg. Corp.,* 19 NY2d 203).

The appellants are not aggrieved by that portion of the order which grants summary judgment to the defendant-respondent dismissing the plaintiff's complaint as against it *(see, Schultz v Alfred,* 11 AD2d 266, 268) and they are not aggrieved by the portion of the order which grants summary judgment to the defendant-respondent dismissing their cross claim as against it, as they did not oppose that branch of the defendant-respondent's motion *(see, Cohen, Goldman & Co. v Ellmann,* 202 App Div 787). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.