■ NERY NUNEZ, Respondent, v TRAVELERS INSURANCE COMPANY, Respondent, and STATE FARM MUTUAL INSURANCE COMPANY, Appellant.—In an action to recover interest on a judgment entered against the defendants' respective assureds in an underlying personal injury action, the defendant State Farm Mutual Insurance Company (hereinafter State Farm) appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated December 16, 1986, which,

*inter alia,* (1) granted the defendant Travelers Insurance Company's (hereinafter Travelers) cross motion to dismiss the plaintiff's complaint as against Travelers, and (2) denied its cross motion for summary judgment against Travelers and dismissed its "cross claim" on the ground that it had no standing as against Travelers in the matter herein.

Ordered that the appeal is dismissed, without costs or disbursements, insofar as it seeks review of the granting of the defendant Travelers' cross motion for summary judgment dismissing the complaint as against it, on the ground that the appellant is not aggrieved by that portion of the order *(see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff was entitled to recover from the defendant State Farm the interest and costs on a judgment entered against the defendants' respective assureds in the underlying personal injury action. At issue here is whether Travelers should be directed to pay to State Farm 80% of the interest and costs which State Farm has paid to the plaintiff.

Initially we note that State Farm is not aggrieved by that portion of the order which grants summary judgment to Travelers dismissing the plaintiff's complaint as against it *(see, Schultz v Alfred,* 11 AD2d 266, 268) and accordingly, it has no right to appeal therefrom.

As to the dismissal of State Farm's cross claim against Travelers for its share of the interest and costs, the papers submitted to the Supreme Court, Kings County, were insufficient to decide that issue on the merits. However, in view of the fact that there is an independent action pending between State Farm and Travelers on the same issue raised in the cross claim, the cross claim was properly dismissed *(see,* CPLR 3211 [a] [4]), and the issue should be determined in the independent action. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.