■ WILLIAM HAUSER et al., Appellants, v NORTH ROCKLAND CENTRAL SCHOOL DISTRICT No. 1, Respondent, and MARK BABINEC et al., Appellants.—In a negligence action to recover damages for personal injuries, the plaintiffs William Hauser and Donna Muntz appeal, and the defendants Mark Babinec and Patricia Garrison separately appeal, from an order of the Supreme Court, Rockland County (Bergman, J.), dated October

12, 1988, which granted the motion of the defendant North Rockland Central School District No. 1 for summary judgment.

Ordered that the appeal by the defendants Mark Babinec and Patricia Garrison is dismissed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well established that a school is not the insurer of the safety of the students and it is only under a duty to exercise the degree of reasonable care that a parent of ordinary prudence would have exercised under comparable circumstances *(see, Ohman v Board of Educ.,* 300 NY 306). When an injury results from the act of an intervening third party which, under the circumstances, could hardly have been anticipated in the reasonable exercise of the school's legal duty to the child, there can be no liability on the part of the school *(see, Passantino v Board of Educ.,* 41 NY2d 1022; *Ohman v Board of Educ., supra; Totan v Board of Educ.,* 133 AD2d 366; *Rock v Central Sq. School Dist.,* 113 AD2d 1008; *Swiatkowski v Board of Educ.,* 36 AD2d 685).

In this case the infant plaintiff, a sixth-grade student, was injured when struck by a rock thrown by a fellow student during a lunch recess in the schoolyard. The depositions evidenced that there were at least one and possibly two teachers and/or monitors present at the time of the injury and the child who threw the rock stated that he merely sought to gain the plaintiff's attention "as a joke". We find that the Supreme Court properly granted summary judgment to the defendant school board dismissing the plaintiffs' complaint as against it as no triable issue of fact was presented as to the liability of the school for this spontaneous and unanticipated act.

The appeal of the defendants Mark Babinec and Patricia Garrison must be dismissed as they are not aggrieved by the dismissal of the plaintiffs' complaint against their codefendant, the school district *(see,* CPLR 5511; *Nunez v Travelers Ins. Co.,* 139 AD2d 712, 713; *Schultz v Alfred,* 11 AD2d 266, 268). Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.