■ JOSEPH LACKNER et al., Appellants, v SUSAN ROTH et al., Respondents. (And Two Third-Party Actions.) (Action No. 1.) JOSEPH LACKNER et al., Appellants, v KATHLEEN TIERNEY et al., Defendants and Third-Party Plaintiffs, and RITA J. HILL, Respondent; GEORGE E. ROTH et al., Third-Party Defendants-Respondents. (Action No. 2.) JOAN P. ABRAMS, Appellant, v PATRICK J. TIERNEY et al., Defendants, and GEORGE E. ROTH et al., Respondents. (Action No. 3.)—In three related actions to recover damages for personal injuries, (1) Joseph Lackner and Joan Lackner, the plaintiffs in action No. 1 and action No. 2, appeal, as limited by their brief, (a) from so much of an order

of the Supreme Court, Nassau County (McCabe, J.), entered May 4, 1989, as granted the cross motion of George and Susan Roth, the defendants third-party plaintiffs in action No. 1, for summary judgment dismissing the complaint insofar as asserted against them, and (b) from so much of an order of the same court, also entered May 4, 1989, as granted the cross motion of George and Susan Roth, the third-party defendants in action No. 2, for summary judgment dismissing the third-party complaint, and (2) Joan Abrams, the plaintiff in action No. 3, appeals, as limited by her brief, from so much of an order of the same court, also entered May 4, 1989, as granted the cross motion of George and Susan Roth for summary judgment dismissing the complaint in action No. 3 insofar as asserted against them.

Ordered that the appeal from the order in action No. 2 is dismissed; and it is further,

Ordered that the orders in action No. 1 and action No. 3 are affirmed insofar as appealed from; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The appellants' allegations that the respondent George Roth acted unreasonably in the course of conduct he chose when confronted with an emergency situation represents nothing more than a claim that he made an error of judgment, a claim to which, under the circumstances, no liability may attach *(see, Rowlands v Parks,* 2 NY2d 64; *Meyer v Whisnant,* 307 NY 369; *Palmer v Palmer,* 31 AD2d 876, *affd* 27 NY2d 945). Also unavailing is the appellants' assertion that a question of fact exists as to whether George Roth was negligent in failing to keep a proper lookout. Assuming the truth of the appellant Joseph Lackner's testimony at an examination before trial, it is pure speculation to assume that the accident would have been avoided had Roth spotted the offending vehicle any earlier than he actually had *(see, Rowlands v Parks, supra; Meyer v Whisnant, supra; see also, Breckir v Lewis,* 21 AD2d 546, *affd* 15 NY2d 1027). Thus, the Supreme Court did not err in granting the respondents summary judgment dismissing the complaints in actions Nos. 1 and 3 insofar as asserted against them.

The appeal of Joseph and Joan Lackner, the plaintiffs in action No. 2, from the order in action No. 2, must be dismissed, as they are not aggrieved by the order granting summary judgment to George and Susan Roth dismissing the third-party complaint in action No. 2 *(see,* CPLR 5511; *Nunez*

*v Travelers Ins. Co.,* 139 AD2d 712; *Schultz v Alfred,* 11 AD2d 266, 268). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.