■ SANDRA SABINI, an Infant, by Her Mother and Natural Guardian, ELIZABETH SABINI, et al., Appellants, v TIBOR ARTANDI et al., Respondents, and EMANUEL V. BIZZARO, Appellant. [609 NYS2d 622] —In an action, *inter alia,* to recover damages for medical malpractice, etc., the plaintiffs appeal, and the defendant Emanuel V. Bizzaro separately appeals, from so much of an order of the Supreme Court, Queens County (DiTucci, J.), dated December 3, 1991, as denied the plaintiffs leave to amend their complaint to add a cause of action against the respondents Tibor Artandi, Alvin Brackup,

Felice DeStefano, Samuel Didner, Nathan Drezner, Gideon Drimer, Gerson Elber, Jack Forest, David Herkus, Leo Jankins, and Miltiades Kaiser, d/b/a as a partnership under the name Boulevard Hospital, for a 1980 act of medical malpractice.

Ordered that the appeal by the defendant Emanuel V. Bizzaro, is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by the plaintiffs.

The plaintiffs commenced this action in 1988 to recover damages for medical malpractice committed by the respondents "on or about April 22, 1983". In 1991, the plaintiffs moved for leave to amend their complaint to add a cause of action against the respondents for a 1980 act of medical malpractice, asserting that the respondents had been put on notice of the 1980 act for purposes of the "relation back" doctrine embodied in CPLR 203 (f). The complaint gives no notice of the 1980 treatment. Even if, as the plaintiffs contend, the pleadings are construed for CPLR 203 purposes to include the plaintiffs' bill of particulars, we conclude that the amendment at this point would be prejudicial to the respondents. The reference in the bill of particulars to 1980 in this case is insufficient to provide proper notice, or to overcome the 11-year delay. Moreover, the plaintiffs moved in July 1991, which is approximately 2½ years after they acquired their medical expert's affidavit which forms the basis for the cause of action that relates to the 1980 treatment.

The appeal of the defendant Emanuel V. Bizzaro must be dismissed, as he is not aggrieved by the denial of the plaintiffs' motion (see, CPLR 5511; see, e.g., Hauser v North Rockland Cent. School Dist. No. 1, 166 AD2d 553). Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.