■ MARY E. DORIS et al., Respondents, v VITO CALIA, Respondent, and KAREN E. PASSANNANTE et al., Appellants. [635 NYS2d 267] —In a negligence action to recover damages for personal injuries, the defendants Karen E. Passannante and John T. Passannante appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated September 6, 1994, which (1) denied the plaintiffs' motion for partial summary judgment on the issue of liability with respect to the codefendant Vito Calia and (2) denied their cross motion for summary judgment dismissing the complaint and the codefendant's cross claim.

Ordered that the appeal from so much of the order as denied the plaintiffs' motion for partial summary judgment on the issue of liability with respect to the codefendant Vito Calia is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with one bill of costs, the cross motion of the appellants for summary judgment is granted, and the plaintiffs' complaint and the codefendant's cross claim are dismissed.

The appellants are not aggrieved by so much of the order dated September 6, 1994, as denied the plaintiffs' motion for partial summary judgment on the issue of liability with respect to the codefendant Vito Calia (see, CPLR 5511; *Candela v Port Motors*, 208 AD2d 486; *Yule v Town of Huntington*, 202 AD2d 439; *Board of Mgrs. v Schorr Bros. Dev. Corp.*, 182 AD2d 664; *Dublin v Prime*, 168 AD2d 597; *Lackner v Roth*, 166 AD2d 686; *Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553; *Nunez v Travelers Ins. Co.*, 139 AD2d 712; *Sikora v Keillor*, 17 AD2d 6, *affd* 13 NY2d 610; *Schultz v Alfred*, 11 AD2d 266, 268).

We reverse the remainder of the Supreme Court's order because there are no triable issues of fact either with respect to the plaintiffs' cause of action against them or with respect to the codefendant's cross claim for contribution. The appellants' vehicle was lawfully stopped when it was struck by the codefendant's vehicle prior to the impact between the codefendant's vehicle and that of the injured plaintiff. As a matter of law, the appellants were free of negligence and were entitled to summary judgment (see, *Edney v Metropolitan Suburban Bus Auth.*, 178 AD2d 398, 399). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.