OPINION OF THE COURT
Skelos, J.E
In this action to recover damages for personal injuries involving a rear-end collision, the substantive issue before us is whether summary judgment was properly awarded to the defendants TBY Inc., and George R. McLaren, Jr. However, the procedural posture of the case presents a threshold issue concerning an essential element of appellate jurisdiction, i.e., the question of aggrievement.
The plaintiffs Katrina Mixon and Sonya Mixon boarded a shuttle van at John F. Kennedy International Airport. The van was operated by the defendant George R. McLaren, Jr., and owned by the defendant TBY Inc. (hereinafter together the van defendants). While en route to their destination, the van was stopped in highway traffic for approximately 30 seconds when it was struck in the rear by a limousine operated by the now-deceased former defendant James A. Robinson, Jr., and owned by the defendant Jonathin Transporter (hereinafter collectively the limousine defendants). The van then struck the car in front of it, and that car, in turn, struck one before it. The plaintiffs commenced this action against, among others, the van defendants and the limousine defendants to recover damages for injuries allegedly sustained in the collision. As is particularly relevant on this appeal, Sonya Mixon alleged that her injuries were proximately caused by a piece of luggage that had been piled to, the ceiling in the back of the van by McLaren, which was propelled forward by the force of the several contacts among the vehicles, and which struck her in the back of her head, resulting in the herniation of two cervical discs.
The van defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them and, *147 in effect, for summary judgment dismissing the cross claim asserted by the limousine defendants insofar as asserted against them, arguing that they were not at fault in .the happening of the accident. The Supreme Court, inter alia, granted the cross motion upon concluding that no questions of fact were presented as to the liability of the van defendants. Notably, the plaintiffs did not take an appeal. The limousine defendants, however, took an appeal and, on the appeal, contended that neither the complaint nor their cross claim against the van defendants should have been dismissed. The limousine defendants, among other things, sought reinstatement of the complaint against the van defendants on the ground that there were issues of fact as to whether McLaren’s alleged negligence in stacking the luggage in an unsafe manner and failing to secure it was a proximate cause of the plaintiffs’ injuries.
The plaintiffs filed a brief contending that the complaint should be reinstated against the van defendants on the same ground. The van defendants moved to strike the plaintiffs’ brief because the plaintiffs failed to take an appeal.
The threshold issue raised by these facts is whether the limousine defendants are aggrieved by the dismissal of the complaint against the van defendants. The requirement that an appellant be aggrieved by a judgment or order appealed from is contained in CPLR 5511, which states: “§ 5511. Permissible appellant and respondent^] An aggrieved party or a person substituted for him may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party. He shall be designated as the appellant and the adverse party as the respondent” (emphasis added).
When the revisers of the laws on civil practice were in the process of creating the CPLR, they were unable to formulate a definition for the word “aggrievement” and they determined to leave that definition to case law (see Legislative Studies and Reports, McKinney’s Cons Laws of NY, Book 7B, CPLR 5511, at 129). At that time, the classic attempt at a broad definition of aggrievement was found in the case of Matter of Richmond County Socy. for Prevention of Cruelty to Children (11 AD2d 236, 239 [1960], affd 9 NY2d 913 [1961], cert denied sub nom. Staten Island Mental Health Soc., Inc. v Richmond County Soc. for Prevention of Cruelty to Children, 368 US 290 [1961]), in which it was said that “the test [of aggrievement] is whether the person seeking to appeal has a direct interest in the controversy which is affected by the result and whether the *148 adjudication has a binding force against the rights, person or property of the party or person seeking to appeal”. Experience with that definition has shown that while legally correct, it does not provide a clear test which is relatively easy to apply with consistency.
In the 47 years since the adoption of the CPLR in 1963, developments in case law have helped to narrow' and clarify the definition of aggrievement. In the leading case of Parochial Bus Sys. v Board of Educ. of City of N.Y. (60 NY2d 539, 544-545 [1983]), the Court of Appeals held that
“[generally, the party who has successfully obtained a judgment or order in his favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal. (CPLR 5511; 10 Carmody-Wait 2d, NY Prac, § 70:54; Siegel, NY Prac, § 525; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.05.) The major exception to this general rule, however, is that the successful party may appeal or cross-appeal from a judgment or order in his favor if he is nevertheless prejudiced because it does not grant him complete relief. This exception would include those situations in which the successful party received an award less favorable than he sought (Norton & Siegel v Nolan, 276 NY 392) or a judgment which denied him some affirmative claim or substantial right (City of Rye v Public Serv. Mut. Ins. Co., 34 NY2d 470). But where the successful party has obtained the full relief sought, he has no grounds for appeal or cross appeal (Matter of Bays-water Health Related Facility v Karagheuzoff, 37 NY2d 408, 413). This is so even where that party disagrees with the particular findings, rationale or the opinion supporting the judgment or order below in his favor (Matter of Zaiac, 279 NY 545, 554), or where he failed to prevail on all the issues that had been raised (Matter of Kaplan v Rohan, 7 NY2d 884; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.06)” (see also Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]).
Thus, at least with respect to persons who ask for relief in the court that made the order or judgment from which the appeal is taken, the rule seems clear. If they received all the relief they requested, they are not aggrieved, even though the court may have made some finding of fact or ruling of law with which *149 they are dissatisfied. The inverse of the rule is also clear; if a person asks for relief, to the extent that such relief is denied, he or she is aggrieved. We can take from the holding in Parochial Bus the conclusion that the concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor.
But what about a situation different from that in Parochial Bus, namely, one in which relief was requested in the trial court by someone other than the appellant, but the appellant is dissatisfied with the outcome of that request? It is fairly clear that where someone asks for relief against the appellant, which the appellant opposes, and the requested relief is granted in whole or in part, the appellant is aggrieved. The difficulty arises where someone seeks relief against a person other than the appellant, but on the appeal, the appellant challenges the outcome of that request for relief against the third person. Is aggrievement exclusively concerned with relief in that situation, or are we to consider the rationale or reasoning as well in order to determine whether a person is aggrieved? Can a person be aggrieved where the relief granted was not sought against that person but was sought against a third person? Alternatively, can a person be aggrieved only by the rationale used in that same situation where the relief granted was not sought against that person but was sought against a third person? This issue has been engaged by a series of conflicting cases dealing with joint tortfeasors.
When the contributory negligence doctrine was in effect, it was long the rule that a defendant in a tort action was not aggrieved by the dismissal of the plaintiffs complaint against a codefendant (see Baidach v Togut, 7 NY2d 128 [1959]; Ward v Iroquois Gas Corp., 258 NY 124 [1932]; Schultz v Alfred, 11 AD2d 266 [I960]; see also Helou v Nationwide Mut. Ins. Co., 25 AD2d 179 [1966]). Joint tortfeasors in pari delicto could not sue one another, and the right to contribution arose only when a plaintiff recovered a judgment against two or more defendants and one of those defendants paid more than its pro rata share of the judgment (see Ward v Iroquois Gas Corp., 258 NY at 127-129; Weinstein-Korn-Miller, NY Civ Frac ¶ 1401.01[2d ed]).
In 1972 this Court had before it an appeal in a case called Stein v Whitehead (40 AD2d 89 [1972]). Stein dealt with an action that was commenced and tried while the contributory negligence doctrine was in force. That doctrine prohibited the defendant-appellant Whitehead from asserting a cross claim for contribution against her codefendant Pavlatos. After a trial on *150 the issue of liability only, the jury returned a verdict finding both defendants at fault in the happening of the accident. Following the verdict, the trial court granted the motion of the co-defendant Pavlatos to set aside the verdict against him and dismissed the complaint against codefendant Pavlatos as a matter of law. An interlocutory judgment was entered from which the defendant Whitehead took an appeal. However, the plaintiff did not take an appeal from the dismissal of the complaint insofar as asserted against Whitehead’s codefendant Pavlatos. While the appeal was pending, but before it was submitted, the Court of Appeals decided Dole v Dow Chem. Co. (30 NY2d 143 [1972]), which replaced the contributory negligence doctrine with comparative negligence, soon to be the foundation for article 14 of the CPLR.
In Stein, this Court was faced with the question of whether the defendant Whitehead, as the appellant, could argue that the judgment in favor of her codefendant Pavlatos should be reversed; that is, whether Whitehead was aggrieved by the dismissal of the plaintiffs complaint against her codefendant Pavlatos even though Whitehead did not assert, nor could she have asserted, a cross claim for contribution at the time the case went to trial. In those particular circumstances, this Court held, in an opinion by Justice Benjamin, that the defendant Whitehead was aggrieved by the dismissal of the plaintiffs complaint against her codefendant Pavlatos because, in effect, Whitehead’s right of contribution against her codefendant Pavlatos was adversely affected by the dismissal of the plaintiffs complaint against Pavlatos (see Stein v Whitehead, 40 AD2d at 92). Notably, Stein was decided when the pre-CPLR article 14 procedure for asserting a Dole claim against a codefendant was in its nascent stages and uncertain, and before the Court of Appeals decided Parochial Bus.
In Stein, it is apparent that the Court was concerned with whether the trial judge’s holding that codefendant Pavlatos was not at fault, as a matter of law, acted as a bar to a contribution claim by the defendant Whitehead. In short, Stein was focused on the reasons the plaintiffs complaint was dismissed against codefendant Pavlatos because, as aforesaid, the defendant Whitehead had not asserted, and at the time the case was tried could not have asserted, a claim for contribution against her co-defendant Pavlatos in the trial court. The only way this Court was able to provide the defendant Whitehead with the opportunity to determine her codefendant Pavlatos’s degree of *151 fault in accordance with the then-recent pronouncement in Dole, was to hold that the defendant Whitehead was aggrieved by the dismissal of the plaintiffs complaint against her codefendant Pavlatos. Accordingly, our Court so held, and the defendant WTiitehead argued that the reasoning given by the trial court for the dismissal of the plaintiffs complaint against her codefendant Pavlatos was error.
In 1974 the Legislature adopted CPLR article 14, which codified the comparative negligence rule of Dole and which now requires that a claim for Dole contribution be asserted either in a separate action or by counterclaim, cross claim, or third-party claim in a pending action (see CPLR 1403).
In 1975, in Robert T. Donaldson, Inc. v Aggregate Surfacing Corp. of Am. (47 AD2d 852 [1975]), this Court had before it a breach of warranty action in which the defendant Aggregate Surfacing Corporation of America (hereinafter ASCA) appealed, inter alia, from so much of a judgment as dismissed the plaintiffs complaint against the codefendant Giles Varnish Co. (hereinafter Giles) at the close of the entire case. The plaintiff did not take an appeal. The defendant ASCA, which had a cross claim for indemnification only against its codefendant Giles, cited Stein for the proposition that it was aggrieved by the dismissal of the plaintiffs complaint against its codefendant Giles. This Court disagreed and dismissed the appeal to the extent that the defendant ASCA sought relief from that portion of the judgment in favor of ASCA’s codefendant Giles dismissing the plaintiffs complaint against Giles. This Court also affirmed so much of the judgment as was in favor of codefendant Giles and against the defendant ASCA on ASCA’s cross claim against co-defendant Giles upon concluding that the defendant ASCA failed to sustain its burden of proof on its claim for indemnification.
Upon dismissing that portion of ASCA’s appeal which was from the portion of the judgment in favor of codefendant Giles and against the plaintiff, the Court concluded that ASCA was not aggrieved by the dismissal of the plaintiff’s complaint against its codefendant Giles. In so doing, this Court did not simply distinguish Donaldson from Stein on the ground that the former involved a claim for indemnification only, but also opined that Stein was “not applicable to a case such as this in which no claim for an apportionment of damages was made under the holding in Dole v Dow Chem. Co. (30 NY2d 143)” (id. at 852). Donaldson thus effectively required the assertion and dismissal of a claim for Dole contribution under CPLR 1403 in *152 order to find aggrievement, implying that an appellant’s claim of aggrievement cannot be founded on the dismissal of the plaintiffs complaint against a codefendant, but only on the dismissal of the appellant’s own claim for contribution against that codefendant.
While the reasoning in Stein may have been warranted in 1972 by the uncertain state of the law caused by the then-recent decision in Dole v Dow Chem. Co. (30 NY2d 143 [1972]) overturning the doctrine of contributory negligence, that reasoning was rendered obsolete by the adoption of article 14 of the CPLR article one year later. The CPLR does not impose a requirement that a plaintiff sue joint tortfeasors and recover a judgment against both of them in order to permit one tortfeasor to recover on a contribution claim against another tortfeasor. CPLR 1403 permits a claim for contribution to be asserted by a tortfeasor in the form of a third-party or plenary action against another tortfeasor who may not have been sued by the plaintiff. Consequently, a tortfeasor need not be “liable” to a plaintiff at all in order for another tortfeasor to recover against him or her for Dole contribution based on the proportionate fault of that tortfeasor for the plaintiffs injuries.
Stein apparently was based on the notion that it . would be repugnant to reason that a tortfeasor did not owe a duty to a plaintiff or, if a duty were owed, such tortfeasor did not breach that duty, while at the same time concluding that such tortfeasor was guilty of negligence warranting recovery on another tortfeasor’s cross claim for Dole contribution against it (Stein v Whitehead, 40 AD2d at 91-92). That rationale, however, is in conflict with the holding of Parochial Bus and its progeny that aggrievement turns on relief, not reasoning. Stein is also at odds with the implications of the language of this Court in Donaldson that it is the assertion and dismissal of a claim for Dole contribution, not the dismissal of the plaintiffs complaint against the codefendant, that forms the basis for aggrievement.
For these reasons, this Court has not followed Stein in recent years. In a long series of cases beginning in 1988 with Nunez v Travelers Ins. Co. (139 AD2d 712, 713 [1988]), we have consistently held that a defendant is not aggrieved by the dismissal of the plaintiffs complaint against a codefendant, but, rather, only by the dismissal of that defendant’s cross claim or third-party claim against a codefendant. In Nunez, this Court cited the old pr e-Dole case of Schultz v Alfred (11 AD2d at 268) and essentially followed Parochial Bus. After Nunez came Hauser v *153 North Rockland Cent. School Dist. No. 1 (166 AD2d 553 [1990]), to the same effect. Since then, Nunez, Hauser, and/or Schultz have been cited by this Court on numerous occasions (see e.g. Carpenter v Murphy, 4 AD3d 318 [2004]; Harris v City of New York, 2 AD3d 491 [2003]; Wilcox Dev. Corp. v City of New York, 275 AD2d 454, 455 [2000]; Ratner v Petruso, 274 AD2d 566 [2000]; Santaniello v Interboro Mut. Indem. Ins. Co., 267 AD2d 372 [1999]; Doran v Ransomes Am. Corp., 253 AD2d 449 [1998]; Gray v South Nassau Communities Hosp., 245 AD2d 337 [1997]; Andrew Keith Props, v Hubinette Cowell Assoc., 243 AD2d 663 [1997]; Doris v Calia, 222 AD2d 550 [1995]; Yule v Town of Huntington, 204 AD2d 439, 440 [1994]; Kelly v D’Amico, 203 AD2d 427 [1994]; Candela v Port Motors, 208 AD2d 486, 488 [1994]; Sabini v Artandi, 202 AD2d 568, 569 [1994]; Giuffrida v Panasonic Indus. Co., 200 AD2d 713, 714 [1994]; Dublin v Prime, 168 AD2d 597 [1990]; Lackner v Roth, 166 AD2d 686, 688 [1990]; Ciaccio v Germin, 138 AD2d 664 [1988]). As recently as 2007, this Court decided Grigoropoulos v Moshopoulos (44 AD3d 1003 [2007]) which, without citing Nunez or Hauser, is to the same effect. There are at least two cases from the Appellate Division, Third Department, also to the same effect (see e.g. Blake Realty v Shiller, 87 AD2d 729 [1982]; Scoville v Town of Amherst, 277 AD2d 1038, 1039 [2000]; cf. Coons v Beltrone Constr. Co., 4 AD3d 584, 585 [2004]).
As far as our research reveals, Stein has been cited for the proposition that a defendant is aggrieved merely by the dismissal of a plaintiffs complaint against a codefendant only in an early case from this Court, Doundoulakis v Town of Hemp-stead (51 AD2d 302, 313 [1976], revd 42 NY2d 440 [1977]), and by the Court of Appeals in Stone v Williams (64 NY2d 639 [1984]). In Stone, the Court of Appeals had before it an appeal from an order of this Court {see Stone v Williams, 97 AD2d 509 [1983]) involving the alleged negligence of multiple tortfeasors pertaining to an accident at a gas station. The plaintiff was injured while replacing the cap on his gas tank when another car that was backing up to get closer to a vacant gas pump lurched backward and struck him. The plaintiff sued the driver and owner of the other car (hereinafter collectively the driver defendants) and the owner and the operator of the gas station (hereinafter collectively the gas station defendants). A jury Verdict found the driver defendants 80% at fault and the gas station defendants 20% at fault in the happening of the accident, and awarded total damages in the sum of $200,000. On *154 appeal, this Court determined that the gas station defendants were without fault and that the damages award should be reduced to the sum of $100,000. Thus, this Court dismissed the complaint insofar as asserted against the gas station defendants and dismissed the driver defendants’ cross claim for indemnification and contribution against the gas station defendants.
On cross appeals by the plaintiffs and the driver defendants, respectively, to the Court of Appeals from this Court’s order, the plaintiffs argued that the driver defendants were not aggrieved because, under the judgment as originally formulated, they were responsible for 80% of $200,000, or $160,000, and now they were only responsible for 100% of the reduced damages award, or $100,000. Although the Court of Appeals cited Stein for the proposition that “[a] defendant consequently has standing to appeal from the dismissal of the complaint against his codefendant, since such a determination deprives him of his right to recover a pro rata share of the award based on the codefendant’s liability” (64 NY2d at 641), it appears that the Court’s actual holding was that “despite the reduction [in the dollar amount of the verdict against the driver defendants, they] were aggrieved by the Appellate Division order because it precludes their claim for contribution from [the gas station defendants]” {id. [emphasis added]). Moreover, upon considering the merits, the Court of Appeals concluded that the gas station defendants were not at fault in the happening of the accident and, thus, it affirmed the order of this Court, stating that “[o]ur conclusion that [the gas station defendants are] not liable to [the plaintiff] Stone for the injuries sustained by him necessarily defeats the cross claims for indemnification and contribution asserted against [the gas station defendants] by [the driver defendants]” {id. at 642 [emphasis added]). Thus, we read Stone to the effect that the driver defendants’ aggrievement in that case was based on the effective dismissal of the driver defendants’ cross claim, the citation to Stein notwithstanding.
On the present appeal, this Court is called upon either to follow Stein, which seems to conflict with the holding in Parochial Bus that aggrievement is about relief, not reasoning, or to follow the long line of cases stemming from Nunez and Hauser, which follow Parochial Bus. To resurrect Stein would throw any meaningful attempt to comprehensively define the concept of aggrievement into disarray. Moreover, there also is a reason not to resurrect Stein which is clearly revealed in the case at bar. In the leading case of Hecht v City of New York (60 NY2d 57, 61-62 *155 [1983]), the Court of Appeals held that an appellate court cannot grant relief to a nonappealing party unless it is necessary to do so to afford complete relief to the party who did appeal, opining that
“[t]he power of an appellate court to review a judgment is subject to an appeal being timely taken (see CPLR 5513, 5515; see, also, Matter of Haverstraw Park v Runcible Props. Corps., 33 NY2d 637; Ocean Acc. & Guar. Corp. v Otis El. Co., 291 NY 254; Roy v National Grange Mut. Ins. Co., 85 AD2d 832, 832-833). And an appellate court’s scope of review with respect to an appellant, once an appeal has been timely taken, is generally limited to those parts of the judgment that have been appealed and that aggrieve the appealing party (see CPLR 5501, subd [a]; 5511; see, also, Segar v Youngs, 45 NY2d 568; Stark v National City Bank, 278 NY 388, 394; St. John v Andrews Inst, for Girls, 192 NY 382, 386-389; Kennis v Sherwood, 82 AD2d 847, 848; Finder v Gromet, 10 AD2d 977, 978; Frankel v Berman, 10 AD2d 838; Strecker v Kew Gardens Realty Assoc., 230 App Div 714; cf. Matter of Burk, 298 NY 450, 455). The corollary to this rule is that an appellate court’s reversal or modification of a judgment as to an appealing party will not inure to the benefit of a nonappealing coparty (see St. John v Andrews Inst, for Girls, 192 NY 382, 386-389, supra; Bonat v Crosswell, 241 App Div 230; Kohlmetz v Amdoursky, 227 App Div 758; San Lucas v Bornn & Co., 173 App Div 703; Orr v Wolff, 71 App Div 614) unless the judgment was rendered against parties having a united and inseverable interest in the judgment’s subject matter, which itself permits no inconsistent application among the parties (see Matter of Win-burn, 270 NY 196, 198; United States Print. & Lithograph Co. v Powers, 233 NY 143, 152-155).”
Again, the plaintiffs here did not take an appeal. However, on the appeal taken by the limousine defendants, the limousine defendants contend that both the plaintiffs’ complaint and their cross claim for contribution against the van defendants should be reinstated. The nonappealing plaintiffs also filed a brief in which they contended that their complaint should be reinstated against the van defendants. The van defendants moved to strike the plaintiffs’ brief on the ground that the plaintiffs did not take a timely appeal.
*156 We know from CPLR article 14 that a contribution claim can be asserted by a plenary action, cross claim, or third-party complaint, making it clear that contribution can be recovered from a person whose fault contributed to the happening of the accident and whom the plaintiff did not sue directly. Thus, it is clear that it is possible to afford complete relief to the appealing limousine defendants simply by reinstating their cross claim against the van defendants. However, although it is unnecessary to reinstate the complaint against the van defendants in order to afford the limousine defendants complete relief, it may be necessary to overturn the reasoning employed by the Supreme Court in its dismissal of both the complaint and, in effect, the cross claim, in order to do so. The plaintiffs in this case do not have a united and inseverable interest in common with the appealing limousine defendants sufficient to fall within the exception to the rule that an appellate court cannot grant relief, to a nonappealing party (see Hecht v City of New York, 60 NY2d at 61-62). Thus, to accept the brief of the nonappealing plaintiffs and grant them relief under these circumstances would violate the rule announced in Hecht.[1]
After considering all of the above, it is apparent that it is time to explicitly hold that Stein should be limited to its own unique facts and, to the extent it holds that a defendant is aggrieved solely by the dismissal of the plaintiffs’ complaint against a codefendant, it effectively has been overruled by the passage of article 14 of the CPLR and the holdings of the Court of Appeals in Parochial Bus and Hecht.
This case also permits us to set forth a two-pronged definition of the concept of aggrievement which, although it might be subject to some rare exceptions, should cover the broad majority of cases. First, a person is aggrieved when he or she asks for relief but that relief is denied in whole or in part. Second, a person is aggrieved when someone asks for relief against him or *157 her,[2] which the person opposes,[3] and the relief is granted in whole or in part. Applying the second prong of that definition to the case at bar, it is apparent that both the plaintiffs and the limousine defendants were aggrieved by the order of the Supreme Court, the plaintiffs by the portion thereof that awarded summary judgment dismissing the complaint insofar as asserted against the van defendants, and the limousine defendants by the portion thereof that awarded summary judgment dismissing their cross claim against the van defendants. The limousine defendants were not aggrieved, however, by the portion of the order that granted the branch of the van defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the van defendants because that branch of the motion sought relief against the plaintiffs and not against the limousine defendants.
One who is aggrieved by a judgment or order and who appeals may then seek review of errors that it claims affected the result and that, if reversed, would entitle it to relief (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 544-545). Thus, on the appeal by the limousine defendants, the reasons that supported both the dismissal of the plaintiffs’ complaint and their cross claim against the van defendants are subject to our review. However, if we find that the contentions of the limousine defendants regarding the trial court’s reasoning have merit, the only relief available to them is the reinstatement of their cross claim against the van defendants, not the reinstatement of the plaintiffs’ complaint against the van defendants. Moreover, the plaintiffs’ brief must be stricken because they failed to take an appeal. Therefore, the plaintiffs may not seek affirmative relief at this juncture. However, it should be noted that the plaintiffs are not necessarily without a remedy either in the trial court, on a motion for leave to reargue, or on a subsequent appeal from the judgment.
We now turn to a consideration of the merits of the substantive contention of the limousine defendants on their appeal, namely, that the record presents a triable issue of fact as to whether the negligence of McLaren, the van driver, contributed *158 to the happening of the accident. Here, the van defendants made a prima facie showing of entitlement to judgment as a matter of law (see Hakakian v McCabe, 38 AD3d 493 [2007]). In opposition to the cross motion, the plaintiffs submitted the affidavit of Sonya Mixon, in which she averred that, while at the airport, McLaren loaded certain large suitcases in the back of the vehicle. The luggage reached the ceiling and extended above the rear seat. There was no cage separating the rear of the van from the seats. Sonya Mixon also averred that she asked McLaren whether the piling of the luggage in such a fashion was safe, and he assured her that it was. Thereafter, immediately following the impact of the limousine with the rear of the van, the luggage which McLaren had stacked behind her in an unsecured manner fell forward and struck the back of her head, propelling her forward and causing injury.
Sonya Mixon’s affidavit raised a triable issue of fact as to whether McLaren’s failure to properly stack and secure the luggage constituted negligence and whether that failure constituted a proximate cause of the cervical injuries allegedly sustained by her in the subject accident. Contrary to the contention of the van defendants, the determination of whether the injury to Sonya Mixon’s neck could have resulted from being struck in the back of the head by a piece of luggage during the accident does not require professional or scientific knowledge or skill outside the range of ordinary training or intelligence (see Fortunato v Dover Union Free School Dist., 224 AD2d 658 [1996]). Thus, an expert’s affidavit to that effect was not required.
Consequently, the Supreme Court should have denied that branch of the van defendants’ cross motion which was for summary judgment dismissing the cross claim asserted against them by the limousine defendants insofar as it sought indemnification and/or contribution for damages sustained by Sonya Mixon.
Accordingly, that branch of the motion of the defendants TBV¡ Inc., and George R. McLaren, Jr., which was to strike the plaintiffs’ brief is granted, the appeal from so much of the order as granted that branch of the cross motion of the defendants TBV, Inc., and George R. McLaren, Jr., which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511), and the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants TBV, Inc., and *159 George R. McLaren, Jr., which was for summary judgment dismissing the cross claim asserted by the appellants against them insofar as it sought indemnification and/or contribution for damages sustained by the plaintiff Sonya Mixon, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed.
Covello, Leventhal and Roman, JJ., concur.
Ordered that, upon the papers filed in support of the motion of the defendants TBY Inc., and George R. McLaren, Jr., inter alia, to strike the plaintiffs’ brief, the papers filed in opposition and in relation thereto, and upon the argument of the appeal, that branch of the motion which is to strike the plaintiffs’ brief is granted; and it is further,
Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendants TBY Inc., and George R. McLaren, Jr., which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants TBY Inc., and George R. McLaren, Jr., which was for summary judgment dismissing the cross claim asserted by the appellants against them insofar as it sought indemnification and/or contribution for damages sustained by the plaintiff Sonya Mixon, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the appellants payable by the defendants TBY Inc., and George R. McLaren, Jr.

. This case does not fall within the limited exception to Hecht’s rule that relief may not be awarded to a nonappealing party created by CPLR 3212 (b) and discussed in the case of Merritt Hill Vineyards v Windy Hgts. Vineyard (61 NY2d 106, 110-112 [1984]). CPLR 3212 (b) permits the Appellate Division to search the record and award summary judgment to a nonappealing party. Here, summary judgment was awarded to the van defendants dismissing the plaintiffs’ complaint insofar as asserted against them. We lack the power under that statute to search the record and deny summary judgment against the nonappealing plaintiffs.

. In rare instances a person against whom no relief was" sought may be aggrieved by the granting of relief to an adversary against a party with whom he or she is united in interest (see Tymon v Linoki, 23 AD2d 663, 664 [1965], mod on other grounds 16 NY2d 293 [1965]).

. A person who consents or fails to oppose relief requested by another is deemed to have acquiesced in that relief and cannot be said to be aggrieved (see e.g. Flake v Van Wagenen, 54 NY 25, 27-28 [1873]).