UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2023

(Argued: June 11, 2024   Decided: September 11, 2025)

Docket No. 24-328

———————————————

TOWN OF NEWBURGH, NEW YORK,
Plaintiff–Appellee,

v.

NEWBURGH EOM LLC D/B/A CROSSROADS HOTELS, CROSS ROADS HOTEL,
Defendants,

NEWBURGH EOM LLC,
Defendant–Appellant.

———————————————

Before:      SACK, LOHIER, AND KAHN, *Circuit Judges*.

Defendant-Appellant Newburgh EOM LLC, d/b/a Crossroads Hotels (the "Hotel"), appeals from an order entered on January 23, 2024, in which the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*) granted Plaintiff-Appellee Town of Newburgh's motion to remand this case to state court. The Town sued the Hotel in state court to enjoin the Hotel from providing long-term housing to asylum seekers on the ground that the Hotel's actions violated the Town's zoning and occupancy ordinances. The Hotel removed the case under 28 U.S.C. § 1443(1), which allows defendants to remove cases based on allegations of race-based discrimination in certain circumstances. The Hotel alleges that the Town's enforcement action is racially motivated and therefore violates Title II of the Civil Rights Act of 1964, which guarantees equal access to public accommodations. The district court concluded that removal under § 1443(1) was improper. On appeal, the Hotel argues that this case

belongs in federal court because (1) federal courts have exclusive jurisdiction over cases that raise Title II rights or, alternatively, (2) the alleged Title II violations warranted removal under § 1443(1). We do not reach those issues, however, because, while this appeal was pending, the state court granted the Town's motion for a discontinuance with prejudice of the case that was the subject of the Hotel's removal petition. Because the underlying state court action has been permanently terminated, the parties no longer have a cognizable stake in the removability of that action, and this appeal is moot. When, as here, a case becomes moot on appeal through no fault of the appellant, we typically vacate the district court's order. We therefore **VACATE** the order of the district court and **DISMISS** this appeal.

NICHOLAS J. BERWICK (Jeffrey D. Sherwin, *on the brief*), MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY, *for Plaintiff-Appellee Town of Newburgh*;

TODD E. SOLOWAY (Todd B. Marcus, Jacob B. Orgel, Lawrence P. Keating, *on the brief*), Pryor Cashman LLP, New York, NY, *for Defendant-Appellant Newburgh EOM LLC.*

SACK, *Circuit Judge*:

This is an appeal of a district court order remanding to state court a case that the defendant removed to federal court based on alleged civil rights violations. Plaintiff-Appellee Town of Newburgh (the "Town") sued a local hotel, Defendant-Appellant Newburgh EOM LLC, d/b/a Crossroads Hotels (the "Hotel"), for alleged violations of its municipal zoning and occupancy ordinances based on the Hotel's plans to provide long-term housing to people

seeking asylum in the United States. The Hotel contends that the Town's lawsuit is racially motivated and therefore violates Title II of the Civil Rights Act of 1964 ("Title II"), which guarantees equal access to public accommodations. The Hotel removed the case to the United States District Court for the Southern District of New York under 28 U.S.C. § 1443(1), which allows removal based on allegations of race-based discrimination in certain circumstances. The district court (Cathy Seibel, *Judge*) determined that removal under § 1443(1) was improper. *See Town of Newburgh v. Newburgh EOM LLC*, 712 F. Supp. 3d 473, 481–83 (S.D.N.Y. 2024). On appeal, the Hotel argues that this case belongs in federal court because (1) federal courts have exclusive jurisdiction over cases that raise Title II violations or, alternatively, (2) the alleged Title II violations warranted removal under § 1443(1). We do not reach those issues, however, because, while this appeal was pending, the state court granted the Town's motion for a discontinuance with prejudice of the case that was the subject of the Hotel's removal petition. Because the underlying state court action has thus been permanently terminated, the parties no longer have a cognizable stake in the removability of that action, and this appeal is moot. *See Town of Newburgh v. Newburgh EOM LLC*, EF003105-2023, Dkt. No. 84 (Orange Cnty. Sup. Ct. Sept. 3, 2025) ("State Court Final

3

Order"). For the reasons further stated below, we **VACATE** the order of the district court and **DISMISS** this appeal.

## BACKGROUND

### A. Factual History

In 2022, the State of Texas began sending asylum seekers—most of whom were from "Latin American" countries—to large cities across the United States, including the City of New York. On May 5, 2023, the City's mayor announced a program to house asylum seekers in counties across New York State, with the City paying for transportation and accommodations. As part of this program, the Hotel agreed to house a group of asylum seekers for four months.

On May 8, 2023, Orange County, where the Town is located, issued an executive order declaring a State of Emergency and instructing all hotels and other short-term rental facilities not to accept asylum seekers. That same day, the Town's Board convened an emergency meeting to discuss the Hotel's plan to house asylum seekers. At the meeting, the Board resolved to seek an injunction to block the plan. The next day, the Town inspected the Hotel to determine whether it was preparing to house asylum seekers.

Two days later, on May 11, 2023, two busloads of asylum seekers departed New York City and arrived at the Hotel for housing.

## B. Procedural History Leading Up to This Appeal

The next day, on May 12, 2023, the Town sued the Hotel in the Supreme Court of the State of New York, Orange County. In its complaint, the Town alleged that its inspection of the Hotel revealed that the Hotel was making modifications that appeared intended for "long-term residential housing for non-transients." The Town alleged that these actions violated the Town's Municipal and Building Construction Codes and the Hotel's certificate of occupancy, all of which allowed for only "transient" use of hotel lodging for not more than 30 days. The Town asked the court to declare that the use of the Hotel to house asylum seekers for more than 30 days would be unlawful and to enjoin the Hotel from housing the asylum seekers.

A few days after the complaint was filed, the state court granted the Town a temporary restraining order ("TRO") against the Hotel. The TRO enjoined the Hotel from transporting additional asylum seekers to Orange County, making further modifications, or operating the hotel as a shelter for long-term guests. However, with the Town's consent, the TRO permitted 110 asylum seekers who were already housed at the Hotel to stay there pending any further order from the court.

The Hotel then removed the case from state court to federal court.  In its petition for removal, the Hotel alleged that the Town was selectively enforcing its zoning laws against the Hotel.  The Hotel asserted that the Town's enforcement action "compels [the Hotel], under color of law, to refuse to rent public accommodations to migrants and asylum seekers, in violation of [Title II]," which prohibits race-based discrimination in public accommodations.  App'x at 81.  The Hotel argued that, under these circumstances, it could remove the case to federal court under 28 U.S.C. § 1443(1).

The Town moved to remand the matter to state court, and the district court granted the Town's motion.  *See Town of Newburgh*, 712 F. Supp. 3d at 485.  The court determined that it lacked jurisdiction over the case because, among other things, the Hotel had not sufficiently pleaded that removal under § 1443(1) was proper.  *Id.* at 481–85.

## C. Factual and Procedural History During This Appeal

The Hotel appealed; we heard oral argument on June 11, 2024.  While our decision was pending, the TRO that permitted 110 asylum seekers to continue to stay at the Hotel remained in effect.  Nevertheless, all the asylum seekers eventually departed the Hotel, and the City of New York stopped the program

6

under which it was sending asylum seekers upstate. State Court Final Order at 1. In light of these developments, the Town acknowledged that its request for injunctive and declaratory relief had become moot and moved to discontinue its case with prejudice in state court. *Id.* The state court granted the Town's motion on September 3, 2025. *Id.* at 2–3.

## DISCUSSION

On appeal,[1] the Hotel contends that it had the right to remove this case to federal court for two alternative and independent reasons: (1) federal courts have exclusive jurisdiction over cases that raise Title II violations, and (2) the Town's alleged Title II violations warranted removal under 28 U.S.C. § 1443(1). We do not reach the Hotel's arguments because this appeal has become moot.

### I. Mootness

The "case or controversy" clause of Article III of the United States Constitution limits federal courts' jurisdiction to actual disputes between the parties. U.S. Const. art. III, § 2, cl. 1. To satisfy Article III, "the parties must retain a continued 'personal stake in the outcome'" of the case; in other words,

---

[1] Although most district court orders remanding a case to state court are not appealable, we have jurisdiction to review remand orders in cases removed under § 1443. *See* 28 U.S.C. § 1447(d).

7

"an actual injury likely to be redressed by a favorable judicial decision." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) (alteration adopted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

It is not enough for an actual dispute to exist at the outset of the litigation; the dispute must remain live throughout every stage of the litigation. *See id.* If at any point the dispute between the parties "dissolve[s] . . . due to a change in circumstances," the case becomes moot. *Russman v. Bd. of Educ.*, 260 F.3d 114, 118 (2d Cir. 2001). When a case is moot, we "lack[] subject matter jurisdiction over the action." *N.Y.C. Emps. Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992).[2]

This appeal has become moot because the state court action was voluntarily discontinued and terminated with prejudice while this appeal was pending. The Town, having sought discontinuance with prejudice and having "received its sought relief," is "not aggrieved" and accordingly "has no basis to take an appeal" in state court. *Dolomite Prods. Co. v. Town of Ballston*, 58 N.Y.S.3d 174, 177 (3d Dep't 2017); *see Mixon v. TBV, Inc.*, 904 N.Y.S.2d 132, 142 (2d Dep't

---

[2] Although neither party has moved to dismiss this appeal as moot, because mootness is a question of subject matter jurisdiction, we "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

2010). The relief the Hotel seeks in its petition for removal is for the Town's action against the Hotel to be heard in federal rather than state court. Because the underlying action has been permanently terminated, "the relief sought" in the Hotel's petition for removal "is no longer needed," which is "[t]he hallmark of a moot case or controversy." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983); *see also Dudley-Barton v. Serv. Corp. Int'l*, 653 F.3d 1151, 1152 (10th Cir. 2011) (holding that the federal appeal of a remand order becomes moot following the plaintiff's voluntary dismissal of the case in state court); *Dupervil v. Alliance Health Ops., LLC*, No. 21-505, 2022 WL 3756009, at *1 (2d Cir. Aug. 1, 2022) (summary order) (dismissing the appeal of a remand order as moot after the appellee "voluntarily dismissed the underlying state court action" (citing *Dudley-Barton*, 653 F.3d at 1152–53)).

Although there are exceptions to the mootness doctrine under which a federal court retains jurisdiction over a case even when the court can no longer grant the relief sought, none apply here. For example, a case is not moot when the pleading at issue "targets conduct which is capable of repetition, yet evading review"—that is, the challenged conduct is too short in duration to be fully litigated before it ceases, and it is "probable" that the pleading party will need to

seek the same relief from the defendant's same conduct again in the future. *Doe v. McDonald*, 128 F.4th 379, 386–87 (2d Cir. 2025) (quotation marks and citation omitted). Here, although it is theoretically possible that the circumstances may repeat—that the City of New York may one day resume its program of sending asylum seekers to upstate hotels and once again contract with the Hotel to participate in the program, the Town may then once again sue the Hotel, and the Hotel may then once again remove the case to federal court—"mere speculation" about the City's future actions and the parties' possible role in them "does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." *Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) (quotation marks and citation omitted).

Another exception to mootness is when the defendant, after being sued, tries strategically to moot the case by voluntarily ceasing its allegedly unlawful conduct, only to "pick up where [it] left off" after the case is declared moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Setting aside whether this exception would ever apply to a petition for removal—for which the defendant, rather than the plaintiff, is the party seeking relief—the exception does not apply in these particular circumstances. To be sure, the Town voluntarily ceased its

10

suit against the Hotel, which mooted this appeal. *See* State Court Final Order at 1–3. But it did so only because the underlying controversy between the parties—the Town's attempt to bar the Hotel from providing long-term housing to asylum seekers—had itself become moot when a third party, the City of New York, voluntarily ceased the program that led to the parties' dispute. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72–73 (1983) (holding that the voluntary cessation exception does not apply when the case is mooted by the "voluntary acts of a third party non-defendant").

In sum, because there is no longer a live dispute between the parties and no mootness exception applies, we lack jurisdiction and must dismiss this appeal.

## II.    Vacatur

Although we have concluded that the appeal is moot, our job is not finished. We must also "decide whether to vacate the district court's [order] and thereby effectively deny it res judicata and precedential consequences." *Russman*, 260 F.3d at 121. When a case was a live controversy at the time of the district court's order but became moot during the appeal, we are "not automatically compelled to simply dismiss the appeal." *Id.* Instead, we "retain[] jurisdiction to vacate the district court's [order]." *Id.*

11

Indeed, vacatur is the default rule.  *See id.* ("In the ordinary run of cases . . . courts have been liberal in granting vacatur.").  "The rationale for this practice is that 'a party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.'"  *Id.* (alteration adopted) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994)).  The exception to the rule is when the appellant intentionally moots the case, "either in the sense that mootness was [the appellant's] purpose or that [the appellant] knew or should have known that [its] conduct was substantially likely to moot the appeal."  *Id.* at 122.  In those cases, we generally dismiss the appeal without vacating the district court's order or judgment; otherwise, the appellant would be able to "eliminate its loss without an appeal" and "deprive the [appellee] of the judicial protection it has fairly won."  *Mfrs. Hanover Tr. Co. v. Yanakas*, 11 F.3d 381, 383 (2d Cir. 1993).

Here, we see no reason to depart from the default rule of vacatur.  The Town (appellee), not the Hotel (appellant), mooted this appeal by successfully moving to discontinue the underlying state court case with prejudice. We therefore vacate the district court's order.

## CONCLUSION

For the foregoing reasons, this case is moot.  We therefore **VACATE** the

order of the district court and **DISMISS** this appeal.