■ JAMES DORAN, Appellant, v RANSOMES AMERICA CORP. et al., Respondents, and ANIANO EQUIPMENT SALES AND REPAIR, INC., Appellant. [675 NYS2d 312] —In an action to recover damages for personal injuries, the plaintiff, James Doran, and the defendant Aniano Equipment Sales and Repair, Inc., separately appeal from an order of the Supreme Court, Nassau County (Ain, J.), dated August 8, 1997, which, upon the motion of the defendant Ransomes, Inc., granted summary judgment dismissing the complaint insofar as asserted against Ransomes America Corp.

Ordered that the appeal of the defendant Aniano Equipment Sales and Repair, Inc., is dismissed, since that defendant is not aggrieved by the order appealed from; and it is further,

Ordered that on the appeal of the plaintiff, the order is reversed, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Ransomes America Corp., and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal of the defendant Aniano Equipment Sales and Repair, Inc. (hereinafter Aniano), must be dismissed. The order appealed from dismissed the complaint insofar as asserted against Ransomes America Corp. The order did not dismiss Aniano's cross claims. Accordingly, Aniano was not aggrieved by the order appealed from (*see, Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553; *Nunez v Travelers Ins. Co.*, 139 AD2d 712; *Schultz v Alfred*, 11 AD2d 266, 268).

We agree with the plaintiff's contention that the court erroneously granted the motion for summary judgment dismissing the complaint insofar as asserted against Ransomes America Corp., an alleged designer, manufacturer, tester, inspector, and seller of the lawn mower involved in the accident (*see, Robinson v Reed-Prentice Div.*, 49 NY2d 471). The plaintiff has demonstrated the existence of issues of fact as to whether the lawn mower was negligently designed (*see, LaPaglia v Sears Roebuck & Co.*, 143 AD2d 173; *McAvoy v Outboard Mar. Corp.*, 134 AD2d 245; *Lopez v Precision Papers*, 107 AD2d 667, *affd* 67 NY2d 871).

The respondents' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.