■ ALLEN B. MENDELSOHN et al., Plaintiffs, v JOHN GOODMAN, Respondent, ICON CONSTRUCTION, Appellant-Respondent, and KORAL BROTHERS, Respondent-Appellant. [889 NYS2d 608]—

In an action to recover damages for personal injuries, etc., the defendant Icon Construction appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated April 3, 2008, as denied that branch of its motion which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against the defendant Koral Brothers, and the defendant Koral Brothers cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against the defendant Icon Construction, and granted that branch of the motion of the defendant Icon Construction which was for summary judgment dismissing so much of the complaint as alleged common-law negligence and violation of Labor Law § 200 insofar as asserted against it.

Ordered that the cross-appeal from so much of the order as granted that branch of the motion of the defendant Icon Construction which was for summary judgment dismissing so much of the complaint as alleged common-law negligence and violation of Labor Law § 200 insofar as asserted against it is dismissed, as the defendant Koral Brothers is not aggrieved by that portion of the order (*see* CPLR 5511; *Doran v Ransomes Am. Corp.*, 253 AD2d 449, 450 [1998]); and it is further,

Ordered that the order is affirmed insofar as appealed from, and insofar as reviewed on the cross appeal, without costs or disbursements.

Murray H. Goodman, incorrectly sued herein as John Goodman, owned property in Southampton, and retained the defendant Koral Brothers (hereinafter Koral) as the general contrac-

tor to conduct renovations on the property. Koral entered into a verbal subcontract agreement with the defendant Icon Construction (hereinafter Icon) to complete the roofing and siding work on the project. Keith MacDonald, the sole shareholder of Icon, entered into a verbal agreement with the plaintiff's decedent Ercument Savas Kara and his company JSI Contracting to perform the roofing and siding work. While removing shingles from the back of either the main house or the guest house on the property, Kara allegedly was injured when a plank fell from a scaffold and hit him on the head.

The Supreme Court properly denied that branch of Koral's motion which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against Icon. Koral failed to establish its prima facie entitlement to judgment as a matter of law since it failed to demonstrate that it was not negligent, and that Icon was either negligent or exclusively supervised and controlled Kara's work site (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 685 [2005]; *Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]). Accordingly, the denial of that branch of Koral's motion was proper, regardless of the sufficiency of the opposition papers (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Cunningham v Alexander's King Plaza, LLC*, 22 AD3d 703, 707 [2005]).

The Supreme Court also correctly denied that branch of Icon's motion which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against Koral since an award of summary judgment on a claim for common-law indemnification is appropriate only where there are no triable issues of fact concerning the degree of fault attributable to the parties (*see Tama v Gargiulo Bros., Inc.*, 61 AD3d 958 [2009]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 620 [2008]; *Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484 [2006]; *Freeman v National Audubon Socy.*, 243 AD2d 608 [1997]). Icon failed to make such a showing here. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.