■ PATRICIA MICEK, Appellant, v GREEK ORTHODOX CHURCH OF OUR SAVIOR et al., Defendants, and JEAN JACQUES' CULINARY CREATIONS, INC., et al., Respondents. [31 NYS3d 189]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated January 8, 2015, as granted that branch of the motion of the defendants Jean Jacques' Culinary Creations, Inc., and Mary Scelsi which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 7, 2011, while attending a wedding reception at a facility in Rye (hereinafter the subject premises), the plaintiff allegedly was injured when she tripped and fell over a black

metal box located on the floor between two tables. The subject premises allegedly were owned by the defendant Greek Orthodox Church of Our Savior. At the time of the accident, the defendants Jean Jacques' Culinary Creations, Inc., and Mary Scelsi, its catering director (hereinafter together the Jean Jacques defendants), had been hired by the nonparty bride and groom to cater the wedding at the subject premises. In July 2013, the plaintiff commenced this action against, among others, the Jean Jacques defendants, alleging negligence. After discovery, the Jean Jacques defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, granted that branch of the Jean Jacques defendants' motion. The plaintiff appeals.

Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property (*see Khanimov v McDonald's Corp.*, 121 AD3d 1050 [2014]; *Zylberberg v Wagner*, 119 AD3d 675 [2014]; *Suero-Sosa v Cardona*, 112 AD3d 706 [2013]). The existence of one or more of these elements is sufficient to give rise to a duty of care (*see Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d 1102 [2006]). However, liability can also be imposed upon a party that creates a defective condition (*see Warren v Wilmorite, Inc.*, 211 AD2d 904, 905 [1995]).

Here, in support of their motion, the Jean Jacques defendants established, prima facie, that they did not own, occupy, control, or put to a special use the subject premises at the time of the accident. Moreover, in support of their motion the Jean Jacques defendants demonstrated that they did not create the alleged dangerous condition through any efforts they undertook with respect to their obligations to cater the subject wedding. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the Jean Jacques defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.