McManamon v Rockland County Ancient Order of Hibernians (2018 NY Slip Op 08120)





McManamon v Rockland County Ancient Order of Hibernians


2018 NY Slip Op 08120


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-08011
 (Index No. 32383/14)

[*1]Stacey McManamon, appellant, 
v
Rockland County Ancient Order of Hibernians, et al., respondents, et al., defendants.


Dwight D. Joyce, Stony Point, NY, for appellant.
Craig P. Curcio, Middletown, NY (Chandel M. Rispin and Tony Semidey of counsel), for respondent Rockland County Ancient Order of Hibernians and defendant Pearl River Ancient Order of Hibernians.
Robert V. Magrino, Town Attorney, Orangeburg, NY (Barbara L. Gionta of counsel),
for respondent Town of Orangetown.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 6, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Rockland County Ancient Order of Hibernians and Town of Orangetown which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied, in effect, as academic, the plaintiff's cross motion for leave to amend the bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for injuries she contends she sustained on March 17, 2013, as she was walking to a St. Patrick's Day parade sponsored by the defendant Rockland County Ancient Order of Hibernians (hereinafter the parade sponsor) and held in the defendant Town of Orangetown. According to the plaintiff's deposition testimony, after she finished marching in the parade, the parade was still in progress, and she headed back toward the parade to view the rest of the parade. She entered one of the cross streets that intersected the path of the parade, and, as she was walking toward the parade, she tripped and fell on a wooden board that was lying in the roadway. The parade sponsor and the Town separately moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved for leave to amend the bill of particulars. The Supreme Court granted the separate motions and denied the cross motion, in effect, as academic. The plaintiff appeals.
Where, as here, a municipality has enacted a prior written notice law, "it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or [*2]an exception to the prior written notice requirement applies" (Maya v Town of Hempstead, 127 AD3d 1146, 1148; see Town of Orangetown Code § 32-8; Poirier v City of Schenectady, 85 NY2d 310). There are two recognized exceptions to the prior written notice requirement; where the municipality affirmatively created the alleged defective or dangerous condition, or where the condition complained of resulted from a special use of the property by the municipality which conferred a special benefit on it (see Amabile v City of Buffalo, 93 NY2d 471, 474; DiGregorio v Fleet Bank of N.Y., NA, 60 AD3d 722, 723).
In support of its motion, the Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not receive any prior written notice of the alleged dangerous condition, that it did not affirmatively create the alleged hazardous condition in the roadway, and that the condition did not result from a special use of the property by the Town (see Yarborough v City of New York, 10 NY3d 726, 728; Pylarinos v Town of Huntington, 156 AD3d 922, 924). Although the evidence submitted by the Town showed that it was responsible for providing the barricades that were used at the parade, according to the deposition testimony of a supervisor of the Town's Highway Department, the Highway Department did not drop off any assembled barricade or unassembled wooden board on the day of the parade in the area of the roadway where the plaintiff's accident occurred. In opposition, the plaintiff failed to raise a triable issue of fact.
The parade sponsor also established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property (see Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831; Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565, 565). Liability can also be imposed upon a party that creates a dangerous condition on the property (see Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 831). Although the existence of one or more of these elements is sufficient to give rise to a duty of care, here, the parade sponsor demonstrated that it did not create the alleged hazardous condition and that it did not own, control, occupy, or make special use of the roadway where the accident occurred (see Creutzberger v County of Suffolk, 140 AD3d 915, 916; Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 831). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the separate motions of the Town and the parade sponsor which were for summary judgment dismissing the complaint insofar as asserted against each of them, and to deny, in effect, as academic, the plaintiff's cross motion for leave to amend the bill of particulars.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court