Kingsbrook Jewish Med. Ctr. v Islam (2019 NY Slip Op 04150)





Kingsbrook Jewish Med. Ctr. v Islam


2019 NY Slip Op 04150


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10515
 (Index No. 4147/15)

[*1]Kingsbrook Jewish Medical Center, respondent,
v
Mohammed N. Islam, etc., appellant.


Marulli, Lindenbaum & Tomaszewski, LLP, New York, NY (Aleksandr Gelerman and Richard O. Mannarino of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Edward J. Guardaro, Jr., and David Bloom of counsel), for respondent.



DECISION & ORDER
In an action for common-law indemnification, the defendant appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated August 18, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, Kingsbrook Jewish Medical Center (hereinafter Kingsbrook), was found liable in a medical malpractice action in the Supreme Court, Kings County, under Index No. 30280/09 (hereinafter the underlying action). Kingsbrook thereafter commenced this action for common-law indemnification against the defendant doctor, who was not a party to the underlying action.
The defendant moved for summary judgment dismissing the complaint, arguing that it was impossible to determine whether the jury in the underlying action concluded that Kingsbrook was negligent solely because of malpractice on the part of the defendant or whether other staff members at the hospital were negligent. The Supreme Court denied the defendant's motion. We affirm.
Common-law indemnity "is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other" (Mas v Two Bridges Assoc., 75 NY2d 680, 690; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 375; Rosado v Proctor & Schwartz, 66 NY2d 21, 24; McDermott v City of New York, 50 NY2d 211, 216-217). "Consistent with the equitable underpinnings of common-law indemnification, our case law imposes indemnification obligations upon those actively at fault in bringing about the injury" (McCarthy v Turner Constr., Inc., 17 NY3d at 375; see Felker v Corning Inc., 90 NY2d 219, 226; Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507).
"[A]n award of summary judgment on a claim for common-law indemnification is [*2]appropriate only where there are no triable issues of fact concerning the degree of fault attributable to the parties" (Mendelsohn v Goodman, 67 AD3d 753, 754; see Tama v Gargiulo Bros., Inc., 61 AD3d 958, 961; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 620).
As the defendant failed to establish his prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying his motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court