Penny v County of Suffolk (2021 NY Slip Op 00572)





Penny v County of Suffolk


2021 NY Slip Op 00572


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-01267
 (Index No. 618053/16)

[*1]Harry Penny, plaintiff-respondent, 
v
County of Suffolk, et al., defendants-respondents, et al., defendants, New York State Public High School Athletic Association, Inc., et al., appellants.


Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (I. Elie Herman of counsel), for appellants.
Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for plaintiff-respondent.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Eric N. Bailey of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York State Public High School Athletic Association, Inc., and Section XI of the New York State Public High School Athletic Association, Inc., appeal from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated December 13, 2018. The order denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and for conditional summary judgment on their cross claim for contribution and/or common-law indemnification.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff, a track coach, allegedly tripped and fell over starting blocks during a winter track meet that was held on the grounds of the defendant Suffolk County Community College located in the defendant County of Suffolk (hereinafter together the Suffolk defendants). The event was organized by the defendants New York State Public High School Athletic Association, Inc., and Section XI of the New York State Public High School Athletic Association, Inc. (hereinafter together the Association defendants). The plaintiff commenced this personal injury action against, among others, the Association defendants. The Association defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for conditional summary judgment on their cross claims for contribution and/or common-law indemnification. The Supreme Court denied the motion, and the Association defendants appeal.
Liability for a dangerous condition on real property is generally predicated upon [*2]ownership, occupancy, control, or special use of the property (see Arshinov v GR 10-40, LLC, 176 AD3d 1019; Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 913; Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831; see also Basso v Miller, 40 NY2d 233, 241). It may also be imposed upon a party that creates the dangerous or defective condition (see Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 830; Warren v Wilmorite, Inc., 211 AD2d 904, 905).
Here, in support of their motion for summary judgment, the Association defendants established, prima facie, that they did not own, occupy, control, or put to a special use the premises at the time of the accident, or create the allegedly dangerous condition (see Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 830). They submitted evidence that, pursuant to the leasing agreement with the college, the college would provide personnel for the events. They also submitted evidence that the college provided the starting blocks, the coaches and runners would set up the starting blocks, and workers from the college would pick up the equipment when the meet was done.
In opposition, however, evidence was submitted that representatives of the Association defendants were on site during the meets and that they moved equipment on and off the track, including starting blocks. Such evidence raised triable issues of fact as to who was responsible for the equipment during the event, in particular the starting blocks, and whether the Association defendants, or someone under their supervision or control, created the condition which caused the plaintiff's accident.
Contrary to the Association defendants' contentions, they failed to demonstrate, prima facie, either that the plaintiff assumed the risk of his injuries in this case (see Morgan v State of New York, 90 NY2d 471, 484) or that the starting blocks were open and obvious and not inherently dangerous as a matter of law (see Russo v Home Goods, Inc., 119 AD3d 924, 926). Since the Association defendants failed to establish their prima facie entitlement to judgment as a matter of law on those grounds, the burden did not shift to the plaintiff or the Suffolk defendants to raise a triable issue of fact in those regards (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, since there are triable issues of fact as to whether the Association defendants are liable in the happening of the subject accident, that branch of their motion which was for conditional summary judgment on their cross claims against the Suffolk defendants was properly denied (see Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 936; Mendelsohn v Goodman, 67 AD3d 753, 754).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court